## Johnston ver.sus Speer.

1. A promissory note containing a provision to pay attorney's commissions if collected by legal process although the amount to be so paid is left in blank in the note, is not negotiable.

2. It is a necessary quality of negotiable paper that it should be simple, certain, unconditional; not subject to any contingency. A note with a part thus in blank does not meet these conditions, as the question what the parties meant by the blank is an open one, and might have to be settled by oral testimony.

3. Woods v. North, 3 Norris 407, followed.

November 20th 1879.　　Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY JJ.　STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Fayette county:* Of October and November Term 1879, No. 318.

Assumpsit by Levi Johnston against N. Q. Speer, on two notes, of which the following is a copy:

$583.48.　　　　　　　　　　　Belle Vernon, Pa., Aug. 27, 1877.

Ninety days after date we promise to pay to the order of N. Q. Speer five hundred and eighty-three 48-100 dollars, with interest from date, at the Banking House of S. F. Jones & Co., without defalcation or stay of execution, value received, and without any benefit whatever from any valuation, appraisement or relief laws, and *with* —— *per cent. attorney's commission if collected by legal process.*

> L. M. & W. F. SPEER.

These notes were endorsed by N. Q. Speer to the plaintiff, Levi Johnston, and regularly protested, at maturity for non-payment. On the trial, the defence was, that the notes were not negotiable, because of the words, " with —— per cent. attorney's commission, if collected by legal process." The court, Willson, P. J., held that the notes were not negotiable, and that, the plaintiff was not

[Johnston *v.* Speer.]

entitled to recover against N. Q. Speer in this suit; and that the verdict must be for defendant.

Johnston took this writ and alleged, that the court erred in this instruction.

*D. Kaine* for plaintiff in error.—In Woods *v.* North et al., 3 Norris 407, this court decided that a note containing this clause, "and five per cent. collection fee if not paid when due," was not negotiable, for the reason that it rendered the amount to be paid uncertain. In that case, the five per cent. was included in the note. In the case now in hand it is in blank. Could a court and jury put in five per cent., or any other sum? Is there any principle anywhere by which this could be done, without the consent of all the parties to the notes? If this could not be done, then these notes are negotiable, and the court below were wrong in directing judgment for the defendant: Daly *v.* Maitland, 7 Norris 384.

*W. Playford,* for defendant in error.

Mr. Justice GORDON delivered the opinion of the court, January 5th 1880.

If there is anything positively settled with reference to an agreement, in a bond, mortgage or note, for the payment of a fixed sum as attorney's commissions, it is that the sum so fixed belongs to the payee or mortgagee as a compensation for the expenses and trouble he may incur in the collection of the claim. It does not belong to the attorney who collects such claim, and it is not part of the costs of the case: Faulkner *v.* Wilson, 3 W. N. C. 339.

In Robinson *v.* Loomis, 1 P. F. Smith 78, it was held that such an agreement could not be regarded as a penalty, but as an agreed compensation for expenses incurred by the mortgagee in consequence of the default of the mortgagor. According to this doctrine, the stipulation for attorney's commissions would amount to an agreement for stipulated damages, over which the courts would have no control, as, in such case, the agreement of the parties would be the law of the case: Westerman *v.* Means, 2 P. F. Smith 97.

Following this rule, the agreement, in this case, for blank attorney's commissions, amounts to nothing, for the blank could be filled only by the subsequent agreement of the parties, and until so filled it would have no force whatever.

But in Daly *v.* Maitland, 7 Norris 384, a somewhat different doctrine is held; for Mr. Justice SHARSWOOD, in delivering the opinion in that case, says: "This principle of liquidated damages is not applicable, however, to a contract for a loan of money; at least, such stipulation is subject to the control of courts of equity." The effect of this decision is to give the agreement for commissions

[Johnston v. Speer.]

the character of a penalty, or of a stipulation that damages shall not exceed a certain amount. If we adopt this rule, then a stipulation to pay attorneys' commissions would be equivalent to a contract to pay damages,—reasonable damages, or such damages, as a court, at its discretion, might fix.

However this may be, there is one thing about which we feel little doubt : that is, that uncertain stipulations of this kind ought to have no place in negotiable paper. As was said in Woods v. North, 3 Norris 407, " It is a necessary quality of negotiable paper that it should be simple, certain, unconditional; not subject to any contingency." It is certain that the note in suit does not meet the conditions above prescribed, for in any event, the question what the parties meant by the blank is an open one, and may have to be settled by oral testimony.

Judgment affirmed.