THE NEWTON WAGON CO., PLAINTIFF IN ERROR, V.
HERMAN DIERS, DEFENDANT IN ERROR.

1. **Promissory Note:** NEGOTIABILITY. A promissory note is
defined to be " a plain and direct engagement in writing to pay
a sum specified, at the time therein limited, to a person therein
named or sufficiently indicated, or to his order, or to bearer."
And an instrument possessing all of these characteristics is not
rendered unnegotiable by containing a recital of fact showing
particularly the consideration for which it was given, but in-
cluding no promise or undertaking on the part of the payee.

2. **Guaranty:** CONSIDERATION. It is necessary to the validity
of a guaranty that it be given upon a valuable consideration.
But commissions allowed to an agent for the sale of property
are a sufficient consideration for his guaranty of promissory
notes taken by him in payment.

3. **Indorsement of Promissory Notes:** INTENT. The in-
tent with which an indorser of a promissory note before deliv-
ery signed his name, if not consistent with the circumstances
under which he did it nor acquiesced in by the payee, is of no
consequence.

4. **Guarantor:** HOW RELEASED BY LACHES. When a guarantor
is not notified of the default of his principal within a reasona-
ble time, he is released from liability to the extent that he may
be damaged by the omission. And if it appear that the prin-
cipal was solvent at the maturity of the obligation, but became
insolvent before the demand of payment was made or notice
given, except under special and peculiar circumstances, dama-
ges will be presumed.

5. **Evidence:** UNDERSTANDING OF WITNESS. When the in-
dorser of a promissory note has given in evidence to the jury

NOTE.—In support of the first point of the syllabus, see *Heard v.
Dubuque County Bank*, 9 Neb., 13, 14. *Kemp v. Klaus*, 9 Neb., 27.
The words " negotiable and payable without defalcation or discount"
do not of themselves make a note negotiable. *Hosford v. Stone*, 6
Neb., 382. On the back of a note was the following: " This
note to be paid in wheat at ninety-five cents per bushel." *Held*, a
part of the note. *Polo Manufacturing Co. v. Parr*, 8 Neb., 383. A
joint action cannot be maintained against the guarantor and maker
of a note. *Mowery v. Mast*, 9 Neb., 448.—REP.

the facts and circumstances of the indorsement, it is not competent for him to limit his liability by a resort to his private understanding of what it is. And whether his *intent* were to incur the liability of an indorser merely, or that of guarantor, must depend upon the agreement or circumstances under which the indorsement was made.

6. **Instructions to Jury.** The assumption by the court in its instructions to the jury that there is evidence before them from which they may find a material fact, when there is no such evidence, is prejudicial error, and good ground for a new trial.

ERROR to the district court for Seward county. Tried below before POST, J.

*Norval Brothers*, for plaintiff in error, cited Brandt on Guaranty, secs. 147, 170. *Firman v. Blood*, 2 Kan., 525. *Fuller v. Scott*, 8 Kan., 32. *Robinson v. Abell*, 17 Ohio, 42. *Seymour v. Mickey*, 15 Ohio State, 519. *Crosier v. Chambers*, 1 Spencer (N. J.), 256. *Cushman v. Dement*, 3 Scam., 498. *Parkhurst v. Vail*, 73 Ill., 345. *Boynton v. Pierce*, 79 Ill., 145. *Chandler v. Westfall*, 30 Texas, 475. *Horton v. Manning*, 37 Texas, 23. *Van Doren v. Tjader*, 1 Nevada, 380. *Watson v. Hunt*, 6 Gratt (Va.), 633. *Clark v. Merriam*, 25 Conn., 576. *Heard v. Dubuque Co. Bank*, 8 Neb., 10. *Farmers' Bank v. Reynolds*, 13 Ohio, 104. *Fuller v. Scolt*, 8 Kan., 32.

*C. L. Lewis* and *Edward Crane*, for defendant in error, cited Brandt on Guaranty, sec. 153, and cases cited. *Hall v. Newcomb*, 3 Hill, 233. S. C., 7 Hill, 416. *Miller v. Gaston*, 2 Hill, 188. Edwards on Bills, 459. *Seymour v. Mickey*, 15 Ohio State, 515. *Parker v. Riddle*, 11 Ohio, 102. *Robinson v. Abell*, 17 Ohio, 42. *Hough v. Gray*, 19 Wend., 202. *Sturtevant v. Randall*, 53 Me., 149. *Gaff v. Sims*, 45 Ind., 262.

LAKE, J.

It is advisable, first, to determine the character of the two instruments on which the action in the court

below was brought. They were alike, and in these words, viz.: ·

"$40.   "SEWARD, NEBRASKA, October 30, 1873.

"On or before the first day of April, 1874, for value received, we the undersigned of Friendville post-office, county of York, Nebraska, promise to pay to the Newton Wagon Company or order forty dollars, with interest at the rate of ten per cent per annum if paid at maturity, and if not paid at maturity, with interest at twelve per cent annum from date; and if this note, or any part of· it, is collected by suit, to pay reasonable attorneys fees.   The express conditions of the sale and purchase of the wagon for which this note is given is such, that the title, ownership, or possession does not pass from, but shall remain in said Newton Wagon Co., until this note and interest is paid in full, and that a removal on the part of the undersigned from the county aforesaid, will render this note due and collectable by suit.   For the purpose of obtaining credit, we certify that we own eighty acres of land in our own name worth $400, clear of all liens and incumbrances, in section 11, township 9, range 1, in the above county and state, and that we own $400 of personal property above all indebtedness.

(Signed)                    "F. W. WILSON,
                            "T. J. RUSSELL."

Indorsed on the back.
      "HERMAN DIERS,
      "J. C. CLARK & Co."

The action was instituted, and has been conducted by the plaintiff on the theory of these being negotiable promissory notes, in the payment of which the makers were entitled to the three days of grace accorded to commercial paper.   The question of negotiability is important from the fact that, if non-nego-

tiable, the statute of limitation had fully run before the action was commenced, but otherwise if negotiable.

A promissory note is defined to be "A plain and direct engagement in writing, to pay a specified sum, at the time therein limited, to a person therein named, or sufficiently indicated, or to his order, or to bearer." 2 Broom & Hadley's Commentaries, Am. Ed., 163. Substantially the same definition is found in 3 Kent's Commentaries, 9th ed., 92, note 1. These instruments certainly answer all of these requirements. They are in writing. In each there is an unconditional promise by the makers to pay the sum of forty dollars with interest to the Newton Wagon Co., or order, on a day certain. That this promise is all that is required in a promissory note we believe is not questioned by defendant's counsel, but they claim that what follows therein is fatal to its negotiability.

If the mere fact of stating in a promissory note its consideration deprives it of its otherwise negotiable quality, then these notes were not negotiable, for that which follows the promise of payment is but a recital at length of facts, showing particularly for what the notes were given. No promise or undertaking on the part of the payees is included, which, had there been, we concede would have rendered them un-negotiable. In effect this recital is not different from what would be a statement in a note that it was given for a house purchased, or for money borrowed from the payee, which surely would not have the effect here contended for. We are of the opinion that the notes were negotiable, and that the statute of limitations, therefore, had not fully run when the action was commenced.

In the assignment of errors, two questions are raised concerning the pleadings. They relate to the third and fourth counts of the answer, to which the plain-

tiff filed general demurrers, which were overruled and exceptions taken. As to the ruling upon the *third* count we think it was right, for in the last clause thereof it is distinctly and unequivocally alleged that the indorsement of the notes by the defendant "was made without any consideration, either legal or equitable, coming to him or to any other person, from the said plaintiff, or said J. C. Clark & Co., or from any other person or persons." As the action is in the name of the payee of the notes, a total want of consideration for the indorsement, if shown, would be fatal to a recovery. 1 Parsons on Contracts, 496. *Seymour & Co. v. Mickey*, 15 Ohio State, 515. There is no admission in the preceding portion of this count, as suggested by plaintiff's counsel, which absolutely destroys the effect of this denial of consideration.

In the *fourth* count it is alleged, in substance, that the defendant indorsed said notes with the "intent," on his part, to become liable only as an indorser of commercial paper, and was therefore in an attitude requiring demand and due notice of non-payment by the makers, to fix his liability. And, as applicable to the claim of the plaintiff that the defendant's undertaking was that of *guarantor*, other facts are alleged with the view of showing that, in consequence of the neglect to enforce payment from the makers, the defendant will be prejudiced if now he be held liable.

As to the "intent" with which the defendant signed his name to the notes we think this answer was bad. What he may have intended is of no consequence, if not in harmony with what he did, unless the payee of the notes was a party to it. It does not appear that this intention was ever made known until disclosed by the answer, and therefore constituted no defense.

But as to the residue of this count, if what is averred be true, we think it sufficient evidence of *laches*

on the part of the payee in not proceeding to make collection from the makers, to release the defendant from his engagement, whether he be treated as indorser or as guarantor. It is there charged that the defendant was not notified of the default of the makers, nor was payment demanded of him "until the day when the action was commenced." And further, "that the said Wilson and Russell," the principals, "were, for several years after said notes became due and payable, solvent, and residents of the county of York, and able to pay all demands against them; that said Russell and Wilson are now both insolvent."

It is also alleged "that by reason of the plaintiff's failing to demand the payment of said notes from him, or notify him of their non-payment, he was led to believe, and did believe, that the same were paid." The rule applicable to this state of facts seems to be that, unless a demand be made upon the principal within a reasonable time, and notice given in case of non-payment, the guarantor is discharged to the extent that he may be damaged by the delay. 2 Daniel on Negotiable Instruments, 638. And if it appear that the principal was solvent at the maturity of the obligation, but became insolvent before demand was made or notice given, except under special and peculiar circumstances, damage will be presumed. *Oxford Bank v. Haynes*, 8 Pick., 423. *Talbot v. Gray*, 18 Pick., 534. The demurrer to this count also was properly overruled.

On the trial the defendant was examined as a witness in his own behalf, and, against the objection of the plaintiff, was permitted to answer two questions, which it is claimed were improper. The first of these questions was as to his *understanding* of the object for which he indorsed the notes. The answer was, "to keep track of what wagons I sold, and who the notes

21

came from." This certainly was an exceedingly shallow answer, and although it probably had that tendency, ought not to have prejudiced the plaintiff.

It was of course intended by this testimony to lead the jury to believe the indorsement of the notes was not, as the testimony by a very clear preponderance showed it to be, as a security to the plaintiff for their payment by the makers; and it is not at all uncommon for a very weak, nay, silly excuse to be resorted to for the purpose of escaping liability for honest demands. This witness had already fully detailed the circumstances under which he gave the indorsement, and it was not competent to limit its effect by a resort to his private understanding of what it was. The objection should have been sustained.

The other testimony claimed to have been erroneously admitted, was as follows:

Q. I will ask you, Mr. Diers, when you signed these notes, if you expected, or was it understood you would be liable on them as guarantor?

Objected to by counsel for plaintiff as leading and incompetent.

The objection was overruled and exception taken, and thereupon the witness answered:

No, sir.

In this there was error. The question was as leading as it could possibly have been, and called for incompetent testimony, which was given. The *expectation* of the defendant as to whether he " would be liable " as guarantor, or as indorser, or " not at all," as he swore in answer to another question, could properly have no weight in determining the matter in issue, and ought not to have been admitted.

Two of the instructions given to the jury are also assigned for error. They were in these words, viz.:

" VI. The indorsing of a promissory note is the

writing of one's name thereon with intent to incur the liability of the party who warrants payment of the instrument, provided it is duly presented to the principal at maturity, and if not paid by him, such fact should be duly notified to the indorser.

"VII. If you find from the evidence that Mr. Diers placed his name on each note in question as indorser, and not as guarantor, you should find for the defendant."

The real meaning of the first of these instructions is not clear, and we are in doubt as to the idea which the court thereby sought to impress upon the minds of the jury. As a mere definition of the phrase "indorsing of a promissory note," which seems to be its full scope, it is faulty in its limitation to cases where the intent in signing is, to "*warrant payment of the instrument.*" Whether an indorsement is with the "intent to incur the liability" of one "who warrants payment," must depend in each case upon the agreement or circumstances under which it was made. More frequently it is not with such intent, but simply to transfer the instrument from the payee to another, with or without recourse, according to the character of the indorsement. But whatever the design may have been in giving this instruction, we are of opinion that its tendency was to mislead the jury. Especially is this true of the last clause by which the liability of one who "warrants payment" is made to depend upon the due presentation of the instrument to the principal, and notice in case of non-payment.

The other of these instructions excepted to was objectionable for the reason that there was no evidence to which it was applicable. The petition charged the defendant as an absolute guarantor, and this charge the evidence established, beyond all controversy. The defendant's denial of liability rested on his own testi-

mony alone, by which he denied signing the notes either as guarantor or indorser, but, as he would have us believe, " to keep track of the wagons " he sold, and not with the understanding that he was assuming by the act any liability whatever. The assumption, therefore, by the court in this instruction—that there was evidence from which the jury might find that Diers was an ordinary indorser merely—had a strong tendency to prejudice the plaintiff, inasmuch as there was no claim of demand, protest, and notice of non-payment. *Meredith v. Kennard*, 1 Neb., 312. *Meyer v. Midland Pacific R. R. Co.*, 2 Neb., 319.

The only remaining question, that of the support of the verdict by the evidence, has, incidentally, been answered already. The defendant was the agent of the plaintiff for the sale of wagons. He was appointed to this agency by one J. C. Clark, who was the plaintiff's general agent in this state, and who testified on the trial that by the terms of his appointment Diers was to guarantee the payment of all notes taken by him in the sale of wagons, which he did by indorsing his name on the back thereof before delivering them over to his employer.

And Clark's testimony is strongly corroborated by the fact of Diers giving his indorsement to certain of the notes, where it had been omitted, on being returned to him for that purpose. And this arrangement for his indorsement of notes, which he took for wagons intrusted to him, was not unusual nor unreasonable. The sales were upon commission to purchasers of Diers' own selection, and with whose responsibility he was supposed to be acquainted. The entire business being intrusted to him, his individual responsibility was the only real protection that the plaintiff had against loss from sales to dishonest or irresponsible purchasers. It was in the nature of a *del credere*

agency, and the commissions which he received were a sufficient consideration to support his agreement of guaranty.

Inasmuch as there must be a new trial awarded for errors of the court already pointed out, we deem it unnecessary to further examine the evidence, and will merely add that it was quite sufficient to have sustained a verdict in favor of the plaintiff. The judgment is reversed and the cause remanded to the court below for a new trial, which is awarded.

REVERSED AND REMANDED.