THE SOUTH BEND IRON WORKS V. A. W. PADDOCK, *et al.*

1. NOTE, *When Non-Negotiable.* S. gave to L., P. & Co. his note, which contained a provision that if the note was not paid at maturity, the payee might take possession of and sell the property for the payment of which the note was given: *Held,* That where a note contains other provisions than the unconditional payment of money, it is non-negotiable.

2. INDORSEMENT — *Rights of Holder — Defense.* Where L., P. & Co. transferred said non-negotiable note to L. & Co., without indorsement, before due, in payment of a debt owing by L., P. & Co. to them; and afterward, while the note was the property of L. & Co., they desiring to procure money on said note, L., a member of both firms, indorsed the name of L., P. & Co. on said note; and afterward, after the dissolution of the firm of L., P. & Co., but before the maturity of the note, L. & Co. delivered the note, without indorsement by them, to the plaintiff, as collateral security for a debt due from L. & Co.: *Held,* In a suit by the plaintiff against P. & P., members of the firm of L., P. & Co., that said defendants might make any defense they could have made if said note had remained the property of L. & Co.; that the indorsement of L., without the knowledge or consent of the other members of said firm of L., P. & Co., was void as to them, and that said indorsement gave the plaintiff no greater rights than L. & Co. had in said note.

*Error from Marion District Court.*

THE note, the subject of this action, was given by Joseph Sylvester to the firm of Lockwood, Paddock & Co., and was transferred without indorsement by said firm to the firm of W. C. Lockwood & Co. Afterward, and while the note was the property of W. C. Lockwood & Co., and while both firms were in existence, W. C. Lockwood & Co. wrote the name of Lockwood, Paddock & Co. across the back of said note. This was done without the knowledge or consent of Lockwood, Paddock & Co. Said indorsement was made by said W. C. Lockwood for the purpose of placing said note with other notes in the First National Bank of Marion as collateral security for a loan which W. C. Lockwood & Co. were endeavoring to secure through said bank. The loan was not made, and the notes were returned to the possession of W. C.

Lockwood & Co. Afterward this note was turned over to the plaintiff, *South Bend Iron Works*, as collateral security for a debt owing by W. C. Lockwood & Co. to the plaintiff. At the time of the transfer of the note to the plaintiff by W. C. Lockwood & Co., the firm of Lockwood, Paddock & Co. had been dissolved. Said firm was composed of W. C. Lockwood, Henry Seibert, A. W. Paddock, and H. P. Paddock. The firm of W. C. Lockwood & Co. was composed of W. C. Lockwood and Henry Seibert. Sylvester made default, and judgment was rendered against him on said note in favor of the plaintiff. The defendants, Paddock & Paddock, denied the indorsement of the firm-name of Lockwood, Paddock & Co., under oath. Trial by jury, at the November Term, 1885, and judgment for the defendants. The plaintiff brings the case here.

· *L. F. Keller*, for plaintiff in error.

*J. S. Dean*, for defendants in error.

Opinion by CLOGSTON, C.: The first question to be determined is, whether the note sued on was a negotiable promissory note. It reads as follows:

"$141.34.          HILLSBORO, KANSAS, Nov. 20, 1884.

"Six months after date, I promise to pay to the order of Lockwood, Paddock & Co. one hundred and forty-one and $\frac{34}{100}$ dollars, at the office of Lockwood, Paddock & Co., Hillsboro, Kansas, with interest at ten per cent. per annum until due; and if not paid at maturity, to draw 12 per cent. on the amount then due. The conditions of this sale of book accounts for which this note is given, are such that the title and ownership or right of possession does not pass from the said Lockwood, Paddock & Co. until this note and interest is paid in full. The said Lockwood, Paddock & Co. have full power to declare this note due, and take possession of said ——— at any time they may deem themselves insecure, even before the maturity of the note; and if said Lockwood, Paddock & Co. from any cause retake into their own possession the property for which this note is given, then it is expressly agreed that the makers and indorsers of this note shall pay to the said Lockwood, Paddock & Co., a sum of money equal to the dif-

ference in value of said property at the time of its sale, and the time of its return to the said Lockwood, Paddock & Co.

JOSEPH SYLVESTER."

The court held that this note is a non-negotiable note. We think this ruling is correct, and comes directly within the rule laid down in *Killam v. Schoeps*, 26 Kas. 310. At the trial below the defendants were permitted, over the objection of the plaintiff, to show that at the time of the dissolution of the firm of Lockwood, Paddock & Co. there was an oral agreement between said firms of Lockwood, Paddock & Co. and W. C. Lockwood & Co. that on all the notes turned over by the former to the latter, the defendants A. W. and H. P. Paddock were not to be held liable; and that on the notes and accounts retained by A. W. and H. P. Paddock at said dissolution, said Lockwood, Paddock & Co. were not to be responsible. At the time of this agreement the note in question was the property of W. C. Lockwood & Co. Plaintiff insists that the ruling of the court was erroneous, for the reason that it received this note before maturity from W. C. Lockwood & Co., without notice of this agreement, and that the note when so received bore the indorsement of Lockwood, Paddock & Co. At the time plaintiff received this note, the firm of Lockwood, Paddock & Co. had been dissolved, and of this dissolution the plaintiff must take knowledge. Plaintiff then had knowledge that the firm that purported to have indorsed this note was out of existence. This was notice sufficient to put plaintiff upon inquiry.

The law presumes that the indorsement made upon this note was made at the time it was delivered to the plaintiff, and it stood in no better position than W. C. Lockwood & Co., but took the note subject to whatever notice or knowledge W. C. Lockwood & Co. had in regard to it. Daniel, in his work on Negotiable Instruments, § 371, says:

"As a note takes effect by delivery, it has been held that a note signed in the partnership name before the dissolution, and delivered to the payee after the dissolution, without the consent of other members of the firm, would not bind them. And in like manner, if the paper was indorsed before dissolu-

tion of the firm and not put into circulation until afterward, unless all the partners united in doing so they would not, according to high authorities, be bound by it." (*Glasscock v. Smith,* 25 Ala. 474.)

If this be the true doctrine, then the indorsement made upon this note, but made without the authority of all the partners, although made while the partnership was in existence, and not placed in circulation and delivered to the plaintiff until after the partnership was dissolved, could not bind the partners of the firm of Lockwood, Paddock & Co. without their consent and knowledge. There was some conflict in the evidence as to their knowledge of this indorsement, but the jury found in favor of the defendants. The defendants insist that even if this note had been regularly indorsed by Lockwood, Paddock & Co., and transferred by said indorsement to W. C. Lockwood & Co., said note, being non-negotiable, would be subject in the hands of any person to any defense that the maker or subsequent indorsers might have to it. This is not a settled question in this country. In a number of states it has been decided that by an indorsement of a non-negotiable instrument, as between indorsers, it must be considered a negotiable instrument, and the holder is only bound by whatever equities the maker may have, and none other, without notice. While on the other hand, Iowa, Wisconsin, Michigan, Missouri, and many other states, have held the reverse of this rule. In Iowa the court held:

"That such an indorsement on a note not negotiable, or any other instrument of writing except negotiable paper, without proof, oral or written, of an undertaking to become responsible in some manner for a good consideration, means nothing, and an indorser incurs no liability." (*Fear v. Dunlap,* 1 G. Greene, Iowa, 334.)

Daniel on Negotiable Instruments, § 709, says:

"If the note be not negotiable, it is plain that such party cannot be regarded as an indorser, for the simple reason that there is no such thing as an 'indorsement,' in its strict and proper commercial sense, of any other than negotiable paper."

(See also *Graham v. Wilson,* 6 Kas. 490.)

We are inclined to the latter view, that the indorsement of a name upon a non-negotiable note simply transfers the title of a party, and does not make him liable as if said note were a negotiable instrument. (*Story v. Lamb*, 52 Mich. 525; *National Bank v. Gay*, 71 Mo. 627.) Such party guarantees the note to be genuine, and that it is what it purports to be; nothing more. He does not guarantee its payment, though he might do this, but to do so would take a contract either expressed in the indorsement or by an independent contract between the parties. (*Kline v. Keiser*, 87 Pa. St. 485.) This being true, W. C. Lockwood & Co. accepted this note without any contract, either expressed or implied, that the Paddocks should become indorsers in a commercial sense; and when this note was transferred to the plaintiff it obtained no greater rights than W. C. Lockwood & Co. (Edwards on Bills, § 351, and authorities cited.)

Defendants also insist that this note was not indorsed by Lockwood, Paddock & Co., and plaintiff wholly failed to establish that fact, which it was bound to do under the pleadings. It was admitted that W. C. Lockwood did make the indorsement, but he made it after it became the property of W. C. Lockwood & Co. He made it, not for Lockwood, Paddock & Co., nor for their benefit, or with their knowledge, but made it for the benefit of W. C. Lockwood & Co. They were seeking to raise money upon this note, and for that purpose they indorsed it. This was not the indorsement of Lockwood, Paddock & Co. It is true that one member of a firm, while the firm is in existence, may indorse and transfer firm paper without the knowledge of all the members of the firm, but that is not this case. The act must be done for the firm, when done by any member of the partnership, to bind the firm. This transaction was had for the benefit of the firm which then held the paper. We think that defendants are correct, and that there was an entire failure of evidence to establish the fact that this indorsement was made by Lockwood, Paddock & Co. The instructions given by the court to the jury,

and objected to by the plaintiff, fairly state the law as herein interpreted, and we find no error in said instructions.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.