## ELIPHAZ B. CHAPMAN *vs.* HERMON WIGHT.

### Oxford. Opinion December 24, 1887.

*Promissory notes. Statute of limitations.*

An instrument in writing whereby the defendant "promised, for value received, to pay" the plaintiff "four hundred thirty-four dollars and two cents, which sum is due to" another person named, upon the following condition: "If" the defendant "shall pay the said" other person named, "or cause to be paid the above sum in three years from next January, then this note is to be given up, otherwise to remain in full force," is not a promissory note; and even if signed in the presence of an attesting witness, it will be barred in six years from the time it is payable.

ON report.

The opinion states the case.

*Alvah Black*, for the plaintiff.

*C. A. Chaplin*, for the defendant.

VIRGIN, J. Assumpsit on a certain written instrument, dated April 9, 1853, and signed by the defendant in the presence of an attesting witness, wherein the signer promised to pay the

plaintiff four hundred and thirty dollars and two cents, " due to Charles Bellows." The declaration alleges this instrument to be a promissory note.

To constitute a promissory note, the instrument must neces- sarily be certain as to the fact of payment, and not be dependent on a contingency. For such " paper is intended, if negotiable, to circulate in business as money ; and this on the ground that on a certain day it will become money." 1 Pars. Bills, 42.

No time of payment is specified in this instrument otherwise than by the following terms : " Now if Hermon Wight shall pay the said Bellows, or cause to be paid the above sum, in three years from next January, then this note is to be given up, otherwise to remain in full force." This contingency as to payment destroys the quality of the instrument as a promissory note. *Dennett* v. *Goodwin*, 32 Maine, 44 ; Chit. Bills, 162 ; *Cook* v. *Satterlee*, 6 Cow. 108 ; Pars. Bills, etc., *supra*.

Not being a promissory note, the fact of its having been signed in the presence of an attesting witness, does not prevent its being barred by the statute of limitations pleaded. R. S., c. 81, § 86.

*Judgment for defendant.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.