Valley National Bank of Chambersburg *v.* Crowell et al., Appellants.

Farmers' Bank of Mercersburg *v.* Crowell et al., Appellants.

*Promissory notes—Negotiability not destroyed by clause relating to collateral security.*

The giving of collateral security with a promissory note does not destroy its negotiability, nor will a clause in the note stating that it is accompanied by collateral security.

Woods v. North, 84 Pa. 407; Johnston v. Speer, 92 Pa. 227; Bank v. Piollet, 126 Pa. 195; and Bank v. McCord, 139 Pa. 52, distinguished.

Argued March 11, 1892. Appeals, Nos. 320 and 321, Jan. T., 1892, by defendants, J. B. Crowell et al, from judgments

of C. P. Franklin Co., Dec. T., 1891, Nos. 142 and 172, in favor of plaintiffs, on rules for judgment for want of sufficient affidavits of defence. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Actions on promissory notes.

The defence set up by the affidavit was that there was no technical liability as indorsers on the part of defendants, because of the non-negotiability of the notes sued on. These notes contained, in addition to the ordinary form of note, the clause which is quoted in the opinion of the Supreme Court.

The court below, SADLER, P. J., of the Ninth judicial district, specially presiding, made the rules absolute in both cases, and defendants appealed.

*Errors assigned* were making the rule absolute and entering judgment.

*W. Rush Gillan, A. G. McLanahan* and *O. C. Bowers* with him, for appellants.

*W. U. Brewer, Rowe & Stewart* and *H. Gehr* with him, for appellees.

VALLEY NATIONAL BANK v. CROWELL ET AL., APPELLANTS.

PER CURIAM, March 28, 1892:

The only question in this case was whether the note in controversy was negotiable. It is in the usual form of negotiable paper, but it is contended that its negotiability is destroyed by reason of the following provision contained therein: "Having deposited herewith a like amount of Crowell Company mortgage bonds as collateral security, which we authorize the holder of this note, upon the nonperformance of this promise at maturity, to sell either at the brokers' board, or at public or private sale, without demanding payment of this note or the debt due thereon, and without further notice, and apply proceeds, or as much thereof as may be necessary, to the payment of this note and all necessary charges, holding us as makers and endorsers responsible for any deficiency."

We find nothing in this to destroy the negotiability of the note. While it has been truly said that a promissory note is a courier without luggage, we find nothing in the language quoted beyond the statement that the note is accompanied with

certain collateral. The mere giving of collateral security with a promissory note does not destroy its negotiability: Arnold v. Rock River Valley Union R. R., 5 Duer, 382; Towne v. Rice, 122 Mass. 67. In Woods v. North, 84 Pa. 407; Johnston v. Speer, 92 Pa. 227, the amounts of the notes were held to be uncertain. In Bank v. Piollet, 126 Pa. 195, the court refused to hold the indorser liable, because the time of payment was not fixed, and in Bank v. McCord, 139 Pa. 52, the payment was made dependent upon certain conditions. In the case in hand, the amount of the note is not uncertain, nor is there any question about the time of payment. And the payment is not made dependent upon any condition whatever. The agreement, that if the collateral proves insufficient for the payment of the note, and all necessary expenses and charges, the makers will be responsible for any deficiency, neither increases nor decreases the responsibility of the makers. It merely requires them to do what the law would compel them to do without such an agreement.

We are of opinion that the affidavit of defence was insufficient and the judgment properly entered.

Judgment affirmed.

FARMERS' BANK v. CROWELL ET AL., APPELLANTS.

PER CURIAM, March 28, 1892:

This case is ruled by The Valley National Bank of Chambersburg v. Crowell et al., just decided.

Judgment affirmed.