ORNER ET AL *v.* THE SATTLEY MANUFACTURING COMPANY.

[No. 2,179.    Filed September 14, 1897.]

BILLS AND NOTES.—*With Exchange.—Not Negotiable as Commercial Paper.*—The use of the words "with exchange" in a promissory note, otherwise negotiable as commercial paper, renders the sum to be paid indefinite and uncertain and takes away from it its character as commercial paper.

SAME.—*Agreement.—When Notes Taken in Settlement Will Not Supersede.*—The acceptance of notes, not governed by the law merchant, from a retail dealer in settlement of an account for goods furnished by a manufacturing company, will not operate as payment of such account, nor supersede an agreement between the parties whereby the retail dealer was to hold all goods, or the proceeds thereof, furnished by the manufacturing company in trust for such company until all obligations were paid in full.

From the Jay Circuit Court.    *Affirmed.*

*J. F. Denney* and *J. J. Moran,* for appellants.

*Gavin, Coffin & Davis, Emerson E. McGriff* and *Charles E. Barrett,* for appellee.

BLACK, J.—The appellee sued the appellants for the recovery of the possession of certain personal property. Trial by the court of issues of fact formed resulted in favor of the appellee. The overruling of a motion of the appellants for a new trial is assigned as error, and the discussion before us relates solely to the question as to the sufficiency of the evidence to sustain the court's finding.

The appellee being engaged in the manufacture and sale of certain agricultural implements, entered into a written contract in January, 1895, with the appellant Perry M. Orner, for the sale to him of such implements to be ordered by him during the season of 1895, the contract contemplating the sale of such implements by him as a retail dealer, he agreeing to settle upon receipt of goods by giving note or paying cash, with exchange. Among the stipulations of the contract on the part of the retail dealer was the following: "We agree to hold all goods and the proceeds of all sales of goods received under this contract, whether the proceeds are in notes, cash, or book accounts, as collateral security in trust and for the benefit of, and subject to the order of the Sattley Manufacturing Company, until we have paid in full, in cash, all our obligations due the said Sattley Manufacturing Company."

In August, 1895, an agent of the appellee called upon said Perry M. Orner, who then executed his three promissory notes to the appellee, dated August 23, 1895, for the amount then due upon settlement, one for $200, due October 14, 1895; one for $185, due December 1, 1895, and one for $122, due October 1, 1896.

Soon after the giving of these notes said Perry M. Orner received by mail from the appellee a postal card stating that these notes had been received by the appellee, and duly credited to account, and that he had

credit for the notes, stating the amounts and times of maturity thereof severally.

In January, 1896, two of said notes being due and all of them unpaid, an agent of the appellee called upon said Perry M. Orner, and finding that he had on hand agricultural implements so received by him, of the value of $110.50 and promissory notes executed to him for such implements by various purchasers to whom he had sold them, amounting to $80.00, the agent then requested of said Perry M. Orner that he turn over said implements and notes to said agent. This was refused, said Perry M. Orner stating to the agent that he thought he could be able to pay thirty-three and one-third cents on the dollar if the agent wanted to take a settlement, and further, that he had turned over the property to his mother, the appellant Elvira J. Orner, upon whom also the appellee made a fruitless demand.

It is contended in argument on behalf of the appellants that the promissory notes so executed on the 23d of August, 1895, were commercial paper governed by the law merchant, and that as the evidence does not disclose any agreement that they should not operate as payment of the indebtedness for which they were executed, they should be regarded as so operating, and, therefore, as superseding the agreement of the appellant Perry M. Orner above set out in relation to the character of his possession of goods and proceeds of sales of goods received under the contract.

Various provisions of each of these notes have been discussed before us, to only one of which, however, we will refer specially. Each of the notes, after the statement of the principal which the maker promised to pay, contained the words, "with exchange."

In *Nicely* v. *Commercial Bank of Union City*, 15 Ind. App. 563, it was held by this court that such words in

a promissory note otherwise negotiable as commercial paper render the sum to be paid indefinite and uncertain, and therefore that the note containing them is not negotiable according to the law merchant. Counsel for appellants have expressed a wish that the rule laid down in that case be reconsidered. The same question was before the court in the consideration of the recently decided case of *Nicely* v. *Winnebago National Bank, ante,* 30, and the court, as now constituted, concluded to adhere to the doctrine of the earlier case.

In a supplemental brief, counsel for appellants have argued that the contract under which the agricultural implements were received from the appellee did not furnish evidence of its right to maintain the action of replevin.

The provision of that contract which we have quoted above was one to which the parties might lawfully agree, and under it the right of the appellee to recover seems sufficiently clear to need no extended discussion.

The judgment is affirmed.