The John Church Company *v.* Spurrier *et al.*

---

THE JOHN CHURCH COMPANY *v.* SPURRIER ET AL.

[No. 2,348.   Filed April 22, 1898.]

APPEAL AND ERROR. — *Evidence.* — *How Made Part of Record.*— *Waiver of Error.*—The record must show that the manuscript of the evidence was filed in the clerk's office before being incorporated in the bill of exceptions, and the agreement of the parties waiving such irregularity will not cure the defect. *pp. 40-42.*

BILLS AND NOTES. — *Negotiability.* — *Exchange.*—A condition in a promissory note providing for current rate of exchange destroys its negotiability. *pp. 42-44.*

From the Rush Circuit Court. *Affirmed.*

The John Church Company *v.* Spurrier *et al.*

*John Q. Thomas,* for appellant.

*Ben. L. Smith, Claude Cambern, Frank J. Hall* and *D. L. Smith,* for appellees.

WILEY, J.—This action originated before a justice of the peace. The appellees appeared and answered, and also filed a counterclaim or set-off, the amount claimed therein, exceeding the jurisdiction of the justice of the peace. Thereupon the case was certified to the circuit court, where it was tried by the court, resulting in a judgment for appellees in the sum of $240.25.

Appellant moved for a new trial, basing his motion on the following reasons: (1) That the decision of the court was not sustained by sufficient evidence; (2) that the decision of the court was contrary to law, and (3) that the decision of the court was contrary to the law and the evidence. This motion was overruled.

Appellant has assigned error, (1) That the fifth paragraph of appellees' answer to the complaint does not state facts sufficient to constitute a defense to appellant's cause of action; (2) that the court erred in overruling the demurrer to the fifth paragraph of answer, and (3) that the court erred in overruling plaintiff's motion for a new trial.

As the record comes to us, the last assignment of error does not present any question for review in this court, for the reason that the evidence is not in the record. The record does not show that the longhand manuscript of the evidence was filed in the clerk's office, before it was incorporated in the bill of exceptions and before the bill itself was filed therein. Under the repeated decisions of the Supreme and this court, this is a fatal omission.

But counsel for appellant and appellees have filed

an agreement waiving that irregularity.   This agreement does not supply the omission in the record and we cannot consider it.   This question is no longer an open one in this jurisdiction, for it is put to rest by the adjudicated cases.

In *Davis* v. *Union Trust Co.*, 150 Ind. 46, a stipulation was filed, similar to the one in the case now before us. Jordan, J., speaking for the court, said: "It certainly must be evident, in the light of the fundamental rules of appellate procedure, that parties to an appeal in this court cannot, by a mere agreement of the character of the one in question, inject into, or bring proceedings of the lower court into the record in this court, when otherwise, under the law, they are no part of said record.   Section 661, Burns' R. S. 1894 (649, Horner's R. S. 1897), provides as follows: 'Upon the request of the appellant, or upon being served with notice as aforesaid, and, in either case, upon the payment of the proper fee, the clerk shall forthwith make out and deliver to the party, at his request, or transmit to the Clerk of the Supreme Court, a transcript of the record in the cause, or so much thereof as the appellant, in writing, directs, certified and sealed, to which shall be appended the written directions of the appellant above contemplated, if any.'   As a general rule, this tribunal derives its power or rights to consider and determine a case according to methods prescribed by the law, and not by virtue or reason of any agreement of the parties to the appeal.   All cases in this court are tried by the record.   It furnishes the only evidence to sustain the alleged errors of the trial court of which a party complains.   Appeals are heard by the record as legitimately constituted, and by such record all questions are tried and determined, and no deficiency therein, as in the one in the case at bar, can be supplied by the agreement of parties.   *Campbell* v.

*State,* 148 Ind. 527; Elliott App. Proc. 186, 187; *Blair* v. *Curry,* 150 Ind. 99, and cases there cited; Weeks Attys. at Law (2d ed.), section 236a.

"It was the duty of the appellants to furnish this court with a correct, complete and orderly arranged and properly authenticated transcript of the record or proceedings of the lower court, except as otherwise provided by law, or, at least, so much thereof as was necessary to present the questions which they desired reviewed or considered. Such a transcript constitutes the record in this court, and it is important that it be made by the method provided by law, and be correct in every respect, as we must accept it as importing absolute verity."

After discussing the principle involved, and citing some authorities, the learned judge continuing, said: "It is manifest that appellee, under the circumstances, was not invested with any power, neither by agreement nor waiver, to relieve appellants of what the law exacted, nor to give this court jurisdiction to hear and determine the questions sought to be presented by this appeal. If it could relieve appellants of that which the law required to be done, in order to make the evidence a part of the record, why not further extend such relief, and thereby exempt them from procuring any part of the proceedings of the lower court to be transcribed and certified to this court, as the law exacts?" See, also, *Blair* v. *Curry,* 150 Ind. 99.

This leaves but one question, the sufficiency of the fifth paragraph of answer.

The answer, or counterclaim, in brief, is that appellees, as agents of Pafflin & Co., sold a piano to a Mrs. Fitzgerald for $575.00, which amount was to be paid as follows: Cash, $25.00, and ten dollars per month for fifty-five months, the deferred payments being evidenced by notes; that appellees were to re-

ceive a commission on such sale of $243.20; that by agreement the notes were to be made payable to Pafflin & Co., but that appellees were to have an interest therein equal to their said commission; that said cash payment and all of said notes were to be turned over to Pafflin & Co., and when they had collected a sufficient sum on said notes to pay them the wholesale price of said piano, which was $331.80, then the balance of said notes should be turned back to appellees; that said notes were assigned or transferred to appellant before maturity, but when said notes passed to appellant, it knew and had full knowledge of all the facts.

The record shows that said notes were payable at a bank in this State, and that they were payable with "current rate of exchange." It is contended by appellant that the notes were negotiable by the law merchant, and that it was not affected by the agreement between appellees and Pafflin & Co. This contention cannot prevail. From the facts charged in the answer, appellees had an interest in the notes, to the extent of their commission, and the demurrer admits that all of the facts charged are true. This makes the answer good. Another which discussed by counsel is that the notes were not negotiable, and hence appellant took them subject to any right appellees may have had. That the notes were not negotiable, there seems to be no doubt. They were payable with "current rate of exchange," and this provision in them destroys their negotiability. This exact question has been decided by this court in two recent cases and the doctrine there declared is unquestionably in harmony with the great weight of authorities.

We cite the cases without comment, as we cannot add anything to what was there said. *Nicely* v. *Winnebago National Bank*, 18 Ind. App. 30; *Nicely* v. *Com-*

*mercial Bank of Union City*, 15 Ind. App. 563.    There is no available error in the record.    Judgment affirmed. Henley, J., took no part in the decision of this case.