## CITY OF INDIANAPOLIS v. TURNER.

[No. 2,840. Filed October 27, 1899.]

APPEAL AND ERROR.—*Assignments of Error.*—*Waiver.*—**Assignments** of error which are not discussed are waived. *p. 140.*

SAME.—*Record.*—*Omissions.*—*Supplied by Agreement.*—The record on appeal must be founded upon proceedings actually had in a trial court, and an omission from the record of a material matter cannot be supplied by an agreement between the parties made after the trial of the cause. *pp. 140, 141.*

From the Marion Superior Court. *Affirmed.*

*J. W. Kern* and *J. E. Bell*, for appellant.

*L. M. Harvey, W. A. Pickens, L. A. Cox* and *S. W. Kahn*, for appellee.

COMSTOCK, C. J.—Appellee was the plaintiff below and brought her action against appellant to recover damages on account of an injury to her person which she claims to have received in passing over a defective sidewalk at the junction of Highland Place and Twelfth street, in the city of Indianapolis, on Sunday evening, November 28, 1895. The cause was put at issue by general denial. Its trial resulted in a verdict and judgment in her favor for $500.

The only specification of the assignment of errors discussed is the action of the court in overruling appellant's motion for a new trial; the others are therefore considered waived.

Counsel for appellee ask the court to determine whether the evidence is in the record (contending that it is not) before passing upon its sufficiency. The question is based upon the following proceedings shown by the record: "Mr. Pickens: I now offer in evidence an ordinance annexing certain territory to the city of Indianapolis, approved September 15, 1892. The said ordinance was admitted in evidence and was omitted from the transcript by agreement of counsel. The said agreement of counsel being found on page 190 of this transcript." It is signed by counsel for appellant and appellee, and is as follows: "State of Indiana, Marion county, ss. In the Superior Court. R. 1. No. 51,134. Vinnie Turner v. City of Indianapolis. For the purpose of facilitating the work of preparing a transcript of the evidence given at the trial of the above entitled cause, it is agreed by and between the parties thereto that the official stenographer in making such transcript shall omit therefrom the ordinances defining the corporate limits of the defendant city of Indianapolis, introduced in evidence at the trial of the said cause, as it is agreed by and between the parties to said action that the point where said injury is alleged to have occurred was within the corporate limits of the said defendant city of Indianapolis, at the time of said injury." This is an agreement as to an essential fact, to wit, that the place of the accident was within the corporate limits of the city of Indianapolis.

It affirmatively appears that the ordinance which was introduced has been omitted from the transcript. It is manifest that the agreement was made after the trial of the cause. "Records upon which appellate tribunals try appeals must be founded upon proceedings actually had in a trial court, and parties can not make a record by agreement where no such

proceedings have been had." Elliott App. Proc., §187. See, also, *Davis* v. *Union Trust Co.*, 150 Ind. 46; *Blair* v. *Currey*, 150 Ind. 99; *John Church Co.* v. *Spurrier*, 20 Ind. App. 39.

The evidence is not in the record, and, as the questions presented by appellant's counsel depend upon the examination of the evidence, we must hold that no error is shown. The judgment is affirmed.