## GILPIN *v.* PEOPLE'S BANK.

[No. 6,504.   Filed December 15, 1909.]

1. BILLS AND NOTES.—*Negotiability.—Requisites.*—A note to be negotiable under the law merchant, must bear a date, and contain an unconditional promise to pay a certain sum of money at a certain time and place, and any uncertainty in any of such requisites destroys such negotiability.   p. 53.

2. BILLS AND NOTES.—*Negotiability.—Designating Consideration.*— The designation of the consideration in a note does not destroy its negotiability.   p. 55.

3. BILLS AND NOTES.—*Negotiability.—Collateral Security.—Mention of.*—A recital in a note that collateral is held as security and an authorization of the application of the proceeds to the payment of the note, does not destroy the negotiability of the note.   p. 55.

4. BILLS AND NOTES.—*Negotiability.—Recitals.*—Recitals in a note of the consideration therefor, that the title to the goods for which the note was given does not pass until payment of the note, and that in default of payment the payee shall sell the goods and apply the proceeds to the payment of the note, do not destroy its negotiability.   p. 56.

5. BILLS AND NOTES.—*Negotiability.—Uncertainty in Amount.*—A note containing a provision that all partial payments made thereon, until final payment, shall be taken and considered as rental for the property sold, destroys the negotiability of such note.   p. 56.

From Jay Circuit Court; *John F. La Follette,* Judge.

Action by the People's Bank against Levi L. Gilpin. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. W. Headington* and *Roscoe D. Wheat,* for appellant.
*Sumner W. Haynes,* for appellee.

HADLEY, J.—This is an action by appellee against appellant, upon a written instrument consisting of the ordinary form of a promissory note, for $100 with eight per cent interest and attorney's fees. The complaint recites that it is agreed between the parties that the title and ownership of the mare, describing her, for which this note is given, is not to pass from the payee to the purchaser until the purchase price is fully paid; that, upon failure to pay when due, the payee or its agents may take possession of said property, sell the same, and apply the net proceeds thereof to the unpaid purchase price of said property. The deficit, if any, after such application of such proceeds, to be paid by the maker. It closes with the following stipulation:

"It is expressly agreed that any partial payment made on this note, unless and until the full sum of said note, principal and interest be paid, shall be taken and considered as rental for the property therein described."

The complaint alleged that before maturity of said note, for a valuable consideration, the same was assigned by indorsement of the payee to appellee. Appellant answered in five paragraphs: (1) General denial; (2) payment; (3) fraud; (4) want of consideration; (5) breach of warranty. A demurrer was sustained to the third, fourth and fifth paragraphs of answer. Appellant withdrew his first and second paragraphs of answer and refused to plead further, and judgment was rendered in favor of appellee. Error is assigned upon the rulings of the court in sustaining each of said demurrers.

The only question presented is whether the paper sued on is negotiable by the law merchant, it being conceded that if the note in question is such negotiable paper, the cause should be affirmed, otherwise it should be reversed.

Ordinarily, the essential requisites of a promissory note, to be negotiable by the law merchant, are a date, an 1. unconditional promise to pay money in a certain sum, at a certain time and at a certain place. *Nicely* v.

*Commercial Bank, etc.* (1896), 15 Ind. App. 563, 57 Am. St. 245; *Walker* v. *Woollen* (1876), 54 Ind. 164, 23 Am. Rep. 639; *Nicely* v. *Winnebago Nat. Bank* (1897), 18 Ind. App. 30; *Proctor* v. *Baldwin* (1882), 82 Ind. 370.

It is contended by appellant that the stipulations contained in the note render it indefinite and uncertain as to the amount and manner of payment. It is established that any uncertainty, as to any of the requisites heretofore given, destroys the negotiability of a note. 2 Parsons, Notes and Bills, 146, 147; 1 Daniel, Negotiable Inst. (5th ed.), §§51a, 52; *Continental Nat. Bank* v. *McGeoch* (1889), 73 Wis. 332, 41 N. W. 409; *First Nat. Bank, etc.,* v. *Alton* (1891), 60 Conn. 402, 22 Atl. 1010; *Chapman* v. *Wight* (1887), 79 Me. 595, 12 Atl. 546; *Wright* v. *Traver* (1889), 73 Mich. 493, 41 N. W. 517, 3 L. R. A. 50; *South Bend Iron Works* v. *Paddock* (1887), 37 Kan. 510, 15 Pac. 574; *McComas* v. *Haas* (1886), 107 Ind. 512; *Nicely* v. *Commercial Bank, etc., supra.*

The following cases illustrate what are considered such uncertainties as rendered the instrument nonnegotiable. In *Nicely* v. *Commercial Bank, etc., supra,* the note provided: "With exchange and costs of collection." The court held that "with exchange" was an uncertainty as to amount. To the same effect is *Nicely* v. *Winnebago Nat. Bank, supra.* In *McComas* v. *Haas, supra,* the court held that a note resting upon the performance of another contract, as a consideration, was uncertain as to payment. In *Continental Nat. Bank* v. *McGeoch, supra,* the note provided that the collateral might, in certain contingencies, be sold before the specified maturity of the note, in which event the whole debt should then become due, thus rendering the time of payment uncertain. In *First Nat. Bank, etc.,* v. *Alton, supra,* the note provided for the return of the property and consequent discharge of the debt, thus rendering the manner as well as the time of payment uncertain. In *Chapman* v. *Wight,*

*supra,* the payment of the note depended upon the failure of a third party to pay a certain other note. In case said third party made such payment, the note in question was to be canceled, thus rendering such note uncertain as to the manner of payment. In the case of *Wright* v. *Traver, supra,* the note in question stipulated that in case it was not paid when due, the property for which it had been given should be returned to the payor, thus rendering the manner of payment uncertain. In *South Bend Iron Works* v. *Paddock, supra,* the note sued on provided that the property for which the note was given might be retaken at any time the payee might deem himself insecure, and in such case the payor should pay the difference between the amount of the note and the value of the property retaken. It will here be observed that the value of the property retaken and not the proceeds of sale thereof shall be credited on the note, thus rendering the time, manner and amount of payment uncertain.

Many more illustrations of like import might be given. It has, however, been held that the designation of the consideration for the promise to pay does not destroy its

2. negotiability. *Hereth* v. *Meyer* (1870), 33 Ind. 511; *Doherty* v. *Perry* (1871), 38 Ind. 15; *Nicely* v. *Commercial Bank, etc., supra; New* v. *Walker* (1886), 108 Ind. 365, 58 Am. Rep. 40; *Clanin* v. *Esterly Harvesting Mach. Co.* (1889), 118 Ind. 372, 3 L. R. A. 863; *Wells* v. *Brigham* (1850), 6 Cush. 6, 52 Am. Dec. 750; 1 Daniel, Negotiable Inst. (5th ed.), §§51a, 52.

The recital that collateral is held as security and an authorization of the application of the proceeds of such collateral to the payment of the debt, does not affect the

3. negotiability of paper otherwise negotiable. *Towne* v. *Rice* (1877), 122 Mass. 67; *Fancourt* v. *Thorne* (1846), 9 Q. B. 312; *Arnold* v. *Rock River, etc., R. Co.* (1856), 5 Duer 207; *Valley Nat. Bank, etc.,* v. *Crowell* (1892), 148 Pa. St. 284, 23 Atl. 1068, 33 Am. St. 824.

A great many decisions are to the effect that the negotiability of a promissory note, otherwise sufficient, is not destroyed by a recital of the consideration, and that the
4.   title to the property for which such note is given shall remain in the payee until said note is paid, and if not paid at maturity, then the property to be seized, sold, and the proceeds applied to the extinguishment of the debt. *Newton Wagon Co.* v. *Diers* (1880), 10 Neb. 284, 4 N. W. 995; *Mott* v. *Havana Nat. Bank* (1880), 22 Hun 354; *First Nat. Bank* v. *Gary* (1882), 18 S. C. 282; *Howard* v. *Simpkins* (1883), 70 Ga. 322; *First Nat. Bank, etc.,* v. *Slaughter* (1893), 98 Ala. 602, 14 South. 545, 39 Am. Rep. 88; *Burnley* v. *Tufts* (1888), 66 Miss. 48, 5 South. 627, 14 Am. St. 540; *Chicago R. Equipment Co.* v. *Merchants Bank* (1890), 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349; *Heard* v. *Dubuque County Bank* (1878), 8 Neb. 10, 30 Am. Rep. 811; 2 Parsons, Notes & Bills, *supra;* 1 Daniel, Negotiable Inst., *supra; Collins* v. *Bradbury* (1874), 64 Me. 37; *W. W. Kimball Co.* v. *Mellon* (1891), 80 Wis. 133, 48 N. W. 1100; *Choate* v. *Stevens* (1898), 116 Mich. 28, 74 N. W. 289, 43 L. R. A. 277.

The last clause of the instrument before us, heretofore set out, renders the amount to be paid, or that may be collectible, uncertain. Under it the payor might
5.   make partial payments to any amount less than the principal, and then upon default for the remainder, at maturity, be compelled to pay the whole of the principal, together with interest, so that under its terms any sum from $100 to $200, together with interest, might be payable. This is such an uncertainty as vitiates its negotiability, and it is entitled to no protection by reason of its being in the hands of an innocent holder.

Judgment reversed, with instructions to overrule the demurrers to the third, fourth and fifth paragraphs of answer and for further proceedings not inconsistent with this opinion.