## SOUTH WHITLEY HOOP COMPANY v. UNION NATIONAL BANK.

[No. 7,958.   Filed May 15, 1913.]

1. BILLS AND NOTES.—*Bills Payable With Exchange.*—*Negotiability.*—The words "with exchange", or equivalent language, render a bill otherwise negotiable by the law merchant in this State, nonnegotiable in such manner, even though it is made payable at the place where it is drawn and the question of exchange is thereby not involved. p. 447.

From Whitley Circuit Court; *Luke H. Wrigley,* Judge.

Action by the Union National Bank against the South Whitley Hoop Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Vesey & Vesey* and *Gates & Whiteleather,* for appellant.
*F. B. Moe,* for appellee.

FELT, P. J.—This is a suit upon two bills of exchange, duly accepted by appellant, drawn by and payable to the North Bloomfield Hoop Company, Warren, Ohio, and discounted by it at the Union National Bank of said city.   One of said bills of exchange is as follows:

"$500.          South Whitley, Ind., Dec. 26, 1908.
     After four months (120 days), pay to the order of North Bloomfield Hoop Co., Five Hundred Dollars, with exchange.   Value received and charge to the account of North Bloomfield Hoop Co., W. A. Kilgore, Pres.
To South Whitley Hoop Co., So. Whitley, Ind.
     Accepted and payable at the Farmers State Bank, South Whitley, Ind.
     The South Whitley Hoop Co., J. W. Donaldson, Sec. and Mgr.
     Deposit at Union Nat. Bank, Warren, Ohio.   North Bloomfield Hoop Co., W. A. Kilgore, Pres."

The appellant filed four paragraphs of answer, the first of which was a general denial, the second, want of consideration, the third averred facts to show that instruments sued on

were executed without authority, were never ratified and were *ultra vires* and void.    The fourth pleaded as a set-off a debt due appellant from the North Bloomfield Hoop Company.    The errors assigned and argued relate to the action of the court in sustaining demurrers to each the second, third and fourth paragraphs of answer for insufficiency of the facts alleged to constitute a defense to appellee's cause of action.    Counsel on both sides concede that the special paragraphs of answer are insufficient if the instruments sued on are negotiable by the law merchant and sufficient if they are not.    It is asserted by appellant, and denied by appellee, that the words "with exchange" contained in the instruments destroy their negotiability under the law merchant by making the amount due uncertain and fluctuating with the rate of exchange.

The question has been settled by repeated decisions of this court that the words "with exchange" or equivalent language, render an instrument otherwise negotiable

1.  by the law merchant in this state, nonnegotiable in such manner.    *Nicely* v. *Commercial Bank, etc.* (1896), 15 Ind. App. 563, 44 N. E. 572, 57 Am. St. 245; *Nicely* v. *Winnebago Nat. Bank, etc.* (1897), 18 Ind. App. 30, 47 N. E. 476; *Orner* v. *Sattley Mfg. Co.* (1897), 18 Ind. App. 122, 47 N. E. 644; *John Church Co.* v. *Spurrier* (1898), 20 Ind. App. 39, 50 N. E. 93; *Gilpin* v. *People's Bank* (1909), 45 Ind. App. 52, 56, 90 N. E. 91.    Appellee contends that this case falls within an exception to the rule in this that where the bill or note is made payable "with exchange" at the place where it is drawn and is to be paid or discharged, the question of exchange is not involved and the words "with exchange" may be rejected as surplusage. Some decisions by the courts of Illinois and Missouri and possibly other states support this contention.    However, the weight of authority does not seem to recognize this exception and in *Nicely* v. *Commercial Bank, etc., supra*, most of the cases cited and relied on by appellee are referred to and com-

mented upon but not followed. The case reviews many of the decisions on the subject and renders unnecessary any extended discussion of the subject at this time. In that case the note appeared to be drawn at Janesville, Wis., and payable at a bank in this State, but the complaint averred that it "was made and executed at the said city of Union City, Indiana, where the same is payable, and was not, in truth and in fact, made at the city of Janesville, in the State of Wisconsin." Similar averments were made in the complaint in *Nicely* v. *Winnebago Nat. Bank, etc., supra,* and in each case, notwithstanding such averments, this court held the instrument to be nonnegotiable under the law merchant. The case of *Krieg* v. *Palmer Nat. Bank,* 51 Ind. App. 34, 95 N. E. 613, recently decided by this court, followed the principle which controlled the Nicely cases, *supra,* and other similar decisions. While authority to the contrary may be found outside Indiana, we regard the question as settled in this State. To attempt to make the distinction suggested by appellee, would only tend to confusion. Since the rule of the nonnegotiability of such instruments, is established, uniformity of application will conduce to more wholesome results than could possibly be obtained by multiplying exceptions.

The judgment of the lower court is therefore reversed with instructions to overrule the demurrer to the several paragraphs of special answer and for further proceedings not inconsistent with this opinion.

Note.—Reported in 101 N. E. 824. See, also, 7 Cyc. 595. As to the effect on negotiability of provision in note or bill calling for exchange, see 125 Am. St. 212. As to the negotiability of a note payable "with exchange", see 1 Ann. Cas. 385.