## Hutchinson Machinery Company v. Kazimer.

*Judgment—Collections—Attorney's commission.*

1. An attorney's commission for collecting a judgment note is limited to the percentage named on the principal sum due at entry of judgment.

2. Where no percentage is named, the attorney's commission will be decreed according to the amount of work required. Where no execution is issued, defendant not resisting payment, but soliciting time, and upon refusal making prompt payment, a commission of 5 per cent. may be adjudged excessive.

Petition to satisfy judgment. C. P. Luzerne Co., Oct. T., 1926, No. 868.

*Jenkins, Turner & Jenkins,* for plaintiff.

*Frank Lewis Pinola,* for defendant.

Hutchinson Machinery Company *v.* Kazimer.

JONES, J., Jan. 12, 1927.—Defendant, on April 16, 1926, executed and delivered to plaintiff a judgment note for $500, with confession of judgment, payable three months after date, and the amount to be paid for attorney's commission left blank.

On July 16th, the due date, defendant executed a new note for $400, which was delivered to plaintiff with a check for $106 on account of principal and interest; plaintiff returned the note, but held the check, stating that it would be willing to accept an additional check for $153.92 and a renewal note for $250.

On July 31st plaintiff caused judgment to be entered on the note for $500, together with costs, interest and an attorney's commission of 15 per cent.

On Aug. 3rd defendant paid $153.92, and on Aug. 14th $253.83, in full payment of the principal, interest and costs, and this is an application to satisfy the judgment, plaintiff refusing until the 15 per cent. attorney's commission, to wit, $75, be paid.

It has been held that the attorney's commission is rather in the nature of a penalty than of liquidated damages, and may be reduced at the discretion of the court, and does not belong to the attorney, but to the creditor: Daly *v.* Maitland, 88 Pa. 384; Cunningham *v.* McCready, 219 Pa. 594.

But in a case such as we have here, where the amount to be paid is left in blank in the note, the court said in Johnston *v.* Speer, 92 Pa. 227: "The agreement in this case for blank attorney's commissions amounts to nothing, for the blank could be filled only by the subsequent agreement of the parties, and until so filled it would have no force whatever."

And in the case of In re Assigned Estate of Samuel R. Sheesley, 10 Dauphin Co. Reps. 258-306, it was held that if the blank space relating to the attorney's commission is left without anything written therein, no contract for collection has been made.

An attorney is entitled to reasonable compensation for his services, taking into consideration the nature of the controversy, the skill and labor required, the responsibility imposed, the standing and experience of the attorney, and the success achieved.

In this case, the controversy was limited; when the note became due, defendant forwarded part payment by check and balance in a renewal note, with a request that plaintiff accept it, and upon its refusal, the claim was paid in full.

Having held the check for $106, plaintiff could not justify the collection of an attorney's commission upon that amount.

In Steel Iron Co. *v.* Jacobs, 9 Pa. Superior Ct. 122, it was said: "We think it the better practice, ordinarily, to restrict attorneys' commissions to the debt for which judgment is entered, and allow, at most, the stipulated rate of commission on the principal sum due."

Upon the argument of this rule, counsel for defendant suggested that 5 per cent. would be ample compensation for the services rendered and suggested that the court fix that amount.

In view of the fact that no execution was issued, that defendant did not resist payment, but solicited time, and upon refusal made prompt payment, we deem the commission excessive.

The note being blank as to the commission, we might be justified in holding that no contract for commission existed whatever, nevertheless, we adopt counsel's suggestion and direct the payment of an attorney's fee of $20, and, upon payment, that the judgment be satisfied.

From Frank P. Slattery, Wilkes-Barre, Pa.