GORMAN and another vs. KETCHUM and another.

*Nonnegotiable note; effect of writing name on back to give credit to maker.*

1. One who writes his name on the back of a nonnegotiable note, is not liable as an *indorser.*

2. In an action on a note payable only to plaintiffs, an averment in the complaint that H. K. *indorsed* the note, *held* to allege the fact that he wrote his name on the back thereof.

3. It being further averred that H. K. so "indorsed" the note "for the purpose of procuring for the maker a credit with the plaintiffs," and that plaintiffs paid the consideration for the note "on the credit of such indorsement:" *Held*, on demurrer, that H. K. was liable as an *original promisor. Houghton v. Ely*, 26 Wis., 181.

APPEAL from the Circuit Court for *Waupaca* County.

Action upon a promissory note. Appeal from an order overruling separate demurrers of the defendants to the complaint. Each demurrer assigns as ground thereof (among others not necessary to be stated), that the complaint "does not state facts sufficient to constitute a cause of action against this defendant."

The complaint first describes the note in suit in the usual manner, alleging that it was made by the defendant *M. M. Ketchum*, and was payable to the plaintiffs, *or order;* but it contains what purports to be a copy of the note, from which the words "or order" are omitted. It also contains the usual averments of ownership, nonpayment, etc., together with the following allegations in respect to the liability of the defendant *H. Ketchum*, on such note: "That the defendant *H. Ketchum*, indorsed said note when said *M. M. Ketchum* delivered the same to plaintiffs; that said note, at maturity, was duly presented for payment at the Com. National Bank of Oshkosh, but was not paid, of all which due notice was given to the defendant *H. Ketchum;* that said note was made by the defendant *M. M. Ketchum*, and indorsed by the defendant *H. Ketchum*, for the purpose of paying these plaintiffs for two state land certiff-

cates, or contracts for the purchase of 80 acres of land from the state of Wisconsin, which said certificates were duly assigned to the defendant *M. M. Ketchum*, on the credit of such indorsement; that the defendant *H. Ketchum* indorsed said note for the purpose of procuring for the maker a credit with the plaintiffs, knowing that it would be so applied; and that said note was so passed, and so indorsed by the defendant *H. Ketchum*, with his privity, to the plaintiffs in payment for said state land certificates; and that no part of said note has been paid."

*C. Coolbaugh & Son*, for appellants:

1. The note not being negotiable, *H. Ketchum* cannot be made liable on it as an indorser. *Bradford v. Martin*, 3 Sandf., 647; *Ellis v. Brown*, 6 Barb., 288; *Herrick v. Carman*, 10 Johns., 224; 12 id., 159; *Hahn v. Hull*, 2 Abb. Pr. R., 358; *Waterbury v. Sinclair*, 16 How. Pr. R., 329; *Bacon v. Burnham*, 37 N. Y., 614. 2. Plaintiffs must be presumed to have stated their case in the most favorable light the contract would warrant. 1 Chitty's Pl. (9th Am. ed.), 237. They do not anywhere pretend that he assumed, or intended to assume, the liability of maker or guarantor of the note, nor leave the court any chance to assume that plaintiffs accepted the indorsement, and parted with their property, on the faith of any such intent or implied agreement on his part. This distinguishes the case from *Ford v. Mitchell*, 15 Wis., 304, and *Houghton v. Ely*, 26 id., 181. 3. If all parties, by a mistake of law, no fraud or deceit being pretended, believed at the time that *H. Ketchum's* act was one which made him liable as an indorser, while in fact it did not make him liable in any form, the court will not make a contract for them, which they did not intend to make. *Brewster v. Silence*, 8 N. Y., 207–215; *Hahn v. Hull*, 2 Abb. Pr. R., 353–358. Even equity, while it will compel parties to perform their agreements, has no authority to make agreements for them, nor to substitute one agreement for another.

*E. L. Browne* and *E. P. Perry*, for respondents, argued that

if *H. Ketchum* signed the note, as is alleged in the complaint, he undoubtedly meant to make himself liable for its payment either as a joint maker or as an indorser, and that the complaint states facts sufficient to fix his liability in either capacity.   *Cady v. Shepard*, 12 Wis., 639 ; *Davis v. Barron*, 13 id., 229 ; *King v. Ritchie*, 18 id., 555 ; *Houghton v. Ely*, 26 id., 181.

LYON, J.   Beyond all question, the complaint states a cause of action against the defendant *M. M. Ketchum*, the maker of the note, and his demurrer was properly overruled by the circuit court.

For the purpose of determining whether a cause of action is stated against the defendant *H. Ketchum*, it will be assumed that the copy of the note inserted in the complaint must control the description of the note therein contained, and that the same is not negotiable.   This being the case, the latter cannot be held liable on the note as an indorser, but only (if at all) as an original promisor.

The complaint avers that he *indorsed* the note, from which it may reasonably be inferred that he wrote his name across the back of it ; and we are to determine what facts must be shown to render him liable upon the note as an original promisor. *Houghton v. Ely*, 26 Wis., 181, is a case very similar to this in its principal features.   Presiding at the circuit on the trial of that case, I instructed the jury that, " If the party wrote his name on the back of such an instrument with intent to give the contract original validity or security, he was to be deemed an original promisor."   This court held, on appeal, that the instruction was correct.   The very full discussion of the subject by the chief justice, in his opinion in that case, renders unnecessary any discussion of it here.

This complaint avers that the defendant *H. Ketchum* indorsed the note at the time it was made ; that the plaintiffs paid the consideration for the note " on the credit of such indorsement;" and that he so indorsed it " for the purpose of procuring for the

maker a credit with the plaintiffs." In view of these aver-
ments, we think that it appears from the complaint that the
defendant *H. Ketchum* "wrote his name on the back of such
note, with intent to give the contract therein contained original
validity or security," and hence, that it sufficiently charges him
as an original promisor. If this opinion is correct, it follows
that his demurrer to the complaint was also properly overruled.

We attach no great importance to the fact that the signature
of the defendant *H. Ketchum* on the note is designated in the
complaint as an indorsement. From the averments. of fact
(which, for the purposes of this appeal, must be taken to be
true), we have no difficulty in ascertaining the true character
of the transaction.

Since the argument, our attention has been called by one of
the counsel to the case of *Phelps v. Vischer.* 50 N. Y., 69, as an
authority bearing upon this case. Without attempting to re-
view the case at length, it is sufficient to say that Judge GROVER,
in his opinion, demonstrates by reference to many adjudged
cases in that state, that were this a negotiable note, the plaint-
iffs could maintain an action thereon against the indorser, by
averring and proving that he indorsed the same with the inten-
tion of becoming a surety for the maker, to them, upon the
the note, and for that purpose.

The order of the circuit court overruling both demurrers to
the complaint, must be affirmed.

*By the Court.*— Order affirmed.