THE CONTINENTAL NATIONAL BANK OF CHICAGO, Respondent, vs. McGEOCH, imp., Appellant.

THE CONTINENTAL NATIONAL BANK OF CHICAGO, Respondent, vs. WELLS, imp., Appellant.

*January 9 — January 29, 1889.*

NEGOTIABLE INSTRUMENTS. *(1) Liability of indorsers: Statutes of another state: Judicial notice: Demurrer. (2) Uncertainty in amount and time of payment: Collateral securities.*

1. In an action against the indorsers of an instrument for the payment of money, made and payable in another state, the court will not, on demurrer, take judicial notice of laws of that state relating to the liability of indorsers, which have not been pleaded.

2. A written instrument for the payment of a specified sum of money at a time specified, is rendered non-negotiable by an alternative contract therein that the payee may sell the collateral securities mentioned therein, and, if these decline in value, may sell them before the money for which the instrument was given would otherwise become due, in which case the proceeds of the sale, less the expenses thereof, shall be applied in payment or part payment of the debt, and if a deficiency remains the amount thereof shall become due forthwith.

APPEALS from the Circuit Court for *Milwaukee* County.

These are separate appeals by the defendants *Daniel Wells, Jr.,* and *Peter McGeoch,* from orders striking out the separate demurrer of each to the complaint as frivolous. Both appeals present precisely the same questions.

The causes of action stated in the complaint are balances alleged to be due the plaintiff on four instruments in writing for the payment of money, to each of which all of the defendants are parties. The complaint contains a separate count on each. The first count is upon the following instrument:

"$150,000.     CHICAGO, ILL., May 10, 1883.

"Ninety days after date we promise to pay *The Continental National Bank of Chicago,* or order, one hundred and fifty

thousand dollars, at the banking-house of said bank, value received, with interest at the rate of eight per cent. per annum after maturity, having deposited with said bank, as collateral security, warehouse receipts for provisions, which said security, or any part thereof, we hereby give the said bank, or its president or cashier, authority to sell, on the maturity of this note, or at any time thereafter, or before, in the event of said security depreciating in value, at public or private sale, at their discretion, without advertising the same or giving us any notice, and to apply so much of the. proceeds thereof to the payment of this note as may be necessary to pay the same with all interest due thereon, and also to the payment of all expenses attending the sale of said collateral security; and in case the proceeds of the sale of said collateral security shall not cover the principal, interest, and expenses, we promise to pay the deficiency forthwith after such sale, with interest at eight per cent. per annum. And it is hereby agreed and understood that if recourse is had to said collaterals, any excess of collaterals upon this note shall be applicable to any other note or claim held by said bank against us; and in case of any exchange of, or addition to, the collaterals above named, the provisions of this note shall extend to such new or additional collaterals."

This instrument is signed by McGeoch, Everingham & Co. as makers, and indorsed by the defendant *Daniel Wells, Jr.* All of the defendants except *Wells* were members of the above firm.

The second count is upon an instrument of the same date and in the same form, for $100,000, signed by the defendant J. H. Peacock as maker, and indorsed by the defendants *Daniel Wells, Jr.*, and McGeoch, Everingham & Co. The third count is upon an instrument for $150,000, dated June 1, 1883, payable in sixty days after date. Otherwise it is in the same form as in the first. and second counts. This

last instrument is signed by the defendant *Peter McGeoch*, as maker, and indorsed by the defendants *Daniel Wells, Jr.*, and McGeoch, Everingham & Co. The fourth count is upon an instrument for the payment of $100,000, and is of the date and in the form of that contained in the third count. It is signed by the defendant *Daniel Wells, Jr.*, as maker, and indorsed by McGeoch, Everingham & Co.

The complaint alleges that all these instruments were made for the purpose of procuring credit thereon, and were indorsed as above before the same were discounted by the plaintiff. Judgment is demanded for about $26,000 and interest.

Each of the defendants *Wells* and *McGeoch* demurred separately to each count in the complaint on the ground that it fails to state a cause of action, and to the whole complaint because several causes of action are improperly united. The court, on motion of the plaintiff, struck out both demurrers as frivolous, with leave to the respective defendants to interpose answers. These appeals are from the orders striking out the demurrers.

For the appellant *Wells* there was a brief by *Wells, Brigham & Upham*, attorneys, and *J. T. Fish*, of counsel, and oral argument by *J. R. Brigham*. They contended, *inter alia*, that the contract in the notes providing for the sale of the collateral security did not destroy their negotiability. 1 Daniel on Neg. Inst. sec. 52; *Towne v. Rice*, 122 Mass. 67; *Haynes v. Beckman*, 6 La. Ann. 224; *Nat. Bank v. Gary*, 18 S. C. 282; *Arnold v. Rock River V. U. R. Co.* 5 Duer, 207; *Kirk v. Dodge Co. M. Ins. Co.* 39 Wis. 138; *Ward v. Perrigo*, 33 id. 143; *Hodges v. Shuler*, 22 N. Y. 114; *Perry v. Bigelow*, 128 Mass. 129. Though the effect of the stipulations is to make the note become due earlier than the day fixed, in the event of the sale of the collaterals, that does not deprive the note of its negotiability. *Walker v. Woolen*, 54 Ind. 164; *Palmer v. Hummer*, 10

Kan. 464; *Ernst v. Steckman*, 74 Pa. St. 13; *Cota v. Buck*, 7 Met. 589.   Notes payable "on or before" a fixed day are negotiable.   *Mattison v. Marks*, 31 Mich. 421; *Manufacturers' Nat. Bank v. Newell*, 71 Wis. 309.

For the respondent there was a brief by *Van Dyke & Van Dyke*, and oral argument by *G. D. Van Dyke.* They argued, among other things, that uncertainty of amount or time or fact of payment renders an instrument non-negotiable, which but for such uncertainty would be negotiable. *First Nat. Bank v. Larsen*, 60 Wis. 206, 212, 216; *Morgan v. Edwards*, 53 id. 599; *Smith v. Marland*, 59 Iowa, 645; *Chandler v. Cary*, 31 N. W. Rep. (Mich.), 309, and note; *Cook v. Satterlee*, 6 Cow. 108; *Haskell v. Lambert*, 16 Gray, 592; *Costelo v. Crowell*, 127 Mass. 293.   As to uncertainty of time of payment, see *First Nat. Bank v. Bynum*, 84 N. C. 24; *Brooks v. Hargreaves*, 21 Mich. 254; *Miller v. Biddle*, 1 Ames Cas. on Bills & Notes, 76; *Smith v. Van Blarcum*, 45 Mich. 371.   As to uncertainty of the fact of payment, see *Haskell v. Lambert*, 16 Gray, 592.

LYON, J.   Under the rule which has prevailed in this court since the decision of the case of *Diggle v. Boulden*, 48 Wis. 477, if the demurrers to the complaint were not well taken the orders striking them out must be affirmed.

It will be observed that the complaint contains no averments of demand and notice to charge the indorsers of the several instruments in suit as such, but that the indorsers of such instruments are charged as primarily liable for the payment thereof.   If the instruments are negotiable promissory notes, the omission of such averments renders the complaint demurrable as to the indorsers, for without such demand and notice they are not liable on the instruments. If the instruments are not negotiable, inasmuch as the indorsements were made before they were negotiated, the indorsers are liable as original promisors, and no such de-

mand and notice were necessary to charge them as such. *Houghton v. Ely*, 26 Wis. 181; *Gorman v. Ketchum*, 33 Wis. 427; *Parry v. Spikes*, 49 Wis. 384.

It was said in the argument by counsel for the plaintiff that under the laws of the state of Illinois, where these instruments were made and dated and where they are payable, the indorsers are mere guarantors, whether the instruments are negotiable or not, and are liable thereon without any proceedings to charge them as indorsers. The proposition, if correct, is not available here, because the laws of Illinois in that behalf are not pleaded, and on demurrer we cannot know judicially what they are. Could we indulge in any presumption on the subject, it would be that the law-merchant prevails in that state, and certainly, under the law-merchant, demand and notice are necessary to charge the indorser of negotiable paper. Hence the controlling question for determination is, Are the instruments in suit negotiable? That is to say, are they promissory notes, within the law-merchant?

Each of these instruments contains two contracts in the alternative. One is a contract by the defendant signing the instrument to pay the plaintiff or order a specified sum of money at a time specified therein. Were this all there is of the instrument, the same would be negotiable. See *Morgan v. Edwards*, 53 Wis. 599, for an authoritative definition of a promissory note. The alternative contract is that the plaintiff might sell the collateral securities mentioned therein, and, if these declined in value, it might sell the same before the money for which the instruments were given would otherwise become due, in which case the proceeds of the sale, less the expenses thereof, should be applied in payment or part payment of the debts, and if a deficiency remained the amount thereof should become due forthwith. Had the collateral declined in value the next day after the plaintiff discounted any of the instruments in

suit, we cannot doubt the plaintiff was authorized to sell them at once, and could have maintained an action upon the instrument immediately thereafter for any deficiency remaining unpaid upon the instrument.

Counsel for appellants submitted an ingenious argument to the effect that, although in the contingency mentioned the plaintiff was authorized to sell the collaterals before the money for which the instruments in suit were given was due, yet it was not authorized to apply the net proceeds of such sale in payment thereof until the money became due by the other terms of the instruments, and hence such instruments contained no agreement to pay any portion of the debt until the same thus became due. We cannot accept the argument as sound. The plain, unambiguous language of the contract is that, in such case, the contract of the defendants was " to pay the deficiency forthwith after such sale." So, had the collateral been sold the next day after the instruments were executed, and a deficiency remained after applying the proceeds of such sale, by the terms of the contract the deficiency became due and payable at once. There seems no room here for any different construction of the language employed. Thus we find that such alternative contract introduces two elements of uncertainty in the instruments, to wit, in the sum payable in case any sum becomes due before the time first specified in the instrument, and in the time when the same shall so become due. These elements of uncertainty thus introduced into the instruments, particularly the one first mentioned, destroy their negotiability. *Morgan v. Edwards,* 53 Wis. 599; *First Nat. Bank v. Larsen,* 60 Wis. 206; *Cushman v. Haynes,* 20 Pick. 132; 2 Am. & Eng. Ency. Law, 329. It is further argued that, inasmuch as the instruments do not draw interest from date, presumably the interest thereon to the time they became due was retained by plaintiff when it discounted them, and, because the contract provides for

the payment of interest on any deficiency, the above construction thereof might require the defendants to pay double interest on the same debt; and it is claimed that a construction must be erroneous which leads to such a result. It is a sufficient answer to this position that no method is given for computing the amount of such deficiency, and a correct computation thereof would exclude double interest.

It is probable that, had no authority been given to sell the collaterals before the debt became due, there would still remain an element of uncertainty in the instruments fatal to their negotiability. The authorities just cited seem to support this view. Thus in the work last cited it is said that a promise to pay a fixed sum, subject to deductions from some cause stated in writing, is uncertain, and therefore not negotiable. In *Cushman v. Haynes* it was held (SHAW, C. J., delivering the opinion) that an acceptance by a consignee of goods for $1,000, "or what might be due after deducting all advances and expenses," is not negotiable, and such is the doctrine of this court as laid down in *Morgan v. Edwards*, and *First Nat. Bank v. Larsen, supra.*

It must be held that none of the instruments in suit are negotiable, and hence the action is well brought thereon against the indorsers as original promisors. It necessarily follows that the objection that causes of action are improperly joined is not well taken. Indeed, that ground of demurrer is rested upon the hypothesis that the complaint states no cause of action against the indorsers. The hypothesis being negatived, the objection fails.

*By the Court.*— Both orders appealed from are affirmed.

See note to this case in 41 N. W. Rep. 409.— REP.