WISCONSIN YEARLY MEETING OF FREEWILL BAPTISTS, Respondent, vs. BABLER, Appellant.

*September 6—September 23, 1902.*

*Bills and notes: Negotiability: Transfer: Authority of officer of corporation.*

1. Laws of 1899, ch. 356, sec. 1675—5, subd. 2, provides that the negotiability of an instrument is not affected by a provision which authorizes a confession of judgment if the instrument be not paid *at maturity.* *Held,* that a note authorizing confession of judgment at any time after its date, whether due or not, is not negotiable.
2. S., the treasurer of the plaintiff corporation, loaned moneys thereof, taking a note payable to the order of "S., Treas., or his successor," secured by a real-estate mortgage to "S., Treas., or his successor in office, of the" corporation, naming it. Afterwards, without authority, S. sold and delivered the note and mortgage to defendant, a part of the consideration being the

discharge of a personal debt, and converted the money received to his own use. *Held*, that the instruments and the circumstances were such as to put defendant upon inquiry as to the authority of S., and that he obtained no title to the note and mortgage.

Appeal from a judgment of the circuit court for Green county: B. F. Dunwiddie, Circuit Judge. *Affirmed.*

This is an action in equity, brought by the respondent, a corporation, to set aside the sale and transfer to the appellant of a certain promissory note and mortgage, which was the property of the respondent, and to recover the possession of the same. The case was tried by the court, and the evidence showed that the respondent was a religious corporation organized under ch. 23 of the Private and Local Laws of Wisconsin for 1867, and had a board of six trustees, its active officers being a president, secretary, and treasurer; that said corporation never adopted any by-laws as to the management of its affairs, and had no principal office; that from time to time it received donations of money, which the trustees put in the care of the treasurer, to be loaned, and the interest to be used for the support of weak churches and indigent ministers of the denomination; that one J. F. Sears was treasurer of the corporation from the year 1896 up to June 1, 1901, when he died; that on March 15, 1901, Sears loaned to one Prisk, from the funds of the corporation, $4,800, and took a note therefor, payable to the order of "J. F. Sears, Treas., or his successor," payable five years after date, with interest at five and one-half per cent.; that such note contained a power of attorney, which authorized a confession of judgment at any time thereafter, whether due or not; and said note was secured by a real-estate mortgage in which the mortgagee is described as "J. F. Sears, Treas., or his successor in office, of the *Wisconsin Yearly Meeting of Freewill Baptists*"; that on April 22, 1901, Sears sold and delivered said note and mortgage to appellant for the sum of $4,827.13, the appellant paying

therefor $3,900 in checks, and turning over to Sears two notes of $500 each, which had before that time been given by Sears to the appellant for borrowed money, Sears paying back to the appellant $133.53; that the appellant, *Babler,* could not read English, but that the note was read to him by Sears, and that the mortgage was present, and delivered at the same time, but was not read by *Babler;* that Sears converted the money which he received from *Babler* to his own use, and that the corporation has received no part of it; that the sale of the note and mortgage to the appellant was unauthorized, and without the knowledge of the trustees; that *Babler* neglected to make inquiry as to whether Sears had authority to sell the note in question.

Upon these facts the circuit court found that the defendant was negligent in purchasing the note and mortgage without inquiry; that the note was nonnegotiable; and that the plaintiff was entitled to a judgment setting aside the transfer of the note and mortgage, and adjudging that the same be delivered by the defendant to the plaintiff. From this judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *J. M. Becker,* and for the respondent on that of *Clancey & Loverud* and *Rufus B. Smith.*

To the point that the words "Treas. or successor," added to the payee's name, do not impart notice of a trust and do not carry to an innocent purchaser any notice of a restriction upon the payee's right to transfer, appellant's counsel cited *Downer v. Read,* 17 Minn. 493; *Davis v. Garr,* 6 N. Y. 124; *Speelman v. Culbertson,* 15 Ind. 441; *Powell v. Morrison,* 35 Mo. 244; *Fletcher v. Schaumburg,* 41 Mo. 501; *Fountain v. Anderson,* 33 Ga. 372; *Bay v. Gunn,* 1 Denio, 108; *Bowne v. Douglass,* 38 Barb. 312; *Case v. Mechanics B. Asso.* 4 N. Y. 166.

Counsel for the respondent argued, among other things, that the words following the name of the payee were notice

that someone else was concerned in the paper, and that the purchaser must at his peril inquire before buying. *Thurber v. Cecil Nat. Bank,* 52 Fed. 513; *Jackson v. Davis,* Mc. & M. 334; *Mathis v. Barnes,* 27 N. E. 308; *McMasters v. Dunbar,* 2 La. An. 577; *Third Nat. Bank v. Lange,* 51 Md. 138; *Turner v. Hoyle,* 95 Mo. 337; *Gerard v. McCormick,* 8 N. Y. Supp. 860; *Stein v. Rheinstrom,* 47 Minn. 476; *Gibson v. Hawkins,* 69 Ga. 354; *Nicholson v. Patton,* 13 La. 213; *Atkinson v. Atkinson,* 8 Allen, 15; *Simons v. S. W. R. Bank,* 2 Am. L. Reg. 546; *Reeder v. Barr,* 4 Ohio, 446; *Walsh v. Stille,* 2 Par. Sel. Eq. Cases, 17; *Maples v. Medlin,* 1 Murphy (N. C.) 219; *Shaw v. Spencer,* 100 Mass. 382; *Sturtevant v. Jaques,* 14 Allen, 523; *Duncan v. Jaudon,* 15 Wall. 165.

Winslow, J.  It is entirely clear from the evidence in the case and from the findings of fact that the note and mortgage in question were the property of the plaintiff corporation, and that no express authority had ever been given to Sears to sell them.  These being the facts, the defendant, *Babler,* could acquire no title to the note by his transaction with Sears unless the note was negotiable paper, or unless Sears had either the apparent ownership or apparent authority to sell it, so that the corporation would be estopped to deny the act. It is quite certain that the note was not negotiable, because by the power of attorney which it contained judgment could be entered upon it at any time after its date, whether due or not.  Thus the time of payment depends upon the whim or caprice of the holder, and is absolutely uncertain.  This deprives the note of its negotiability.  *Continental Nat. Bank v. McGeoch,* 73 Wis. 332, 41 N. W. 409; *W. W. Kimball Co. v. Mellon,* 80 Wis. 133, 48 N. W. 1100.  Ch. 356, Laws of 1899 (the negotiable instrument law), provides that the negotiable character of an instrument is not affected by a provision authorizing a confession of judgment if the instrument

is not paid *ut maturity.* Sec. 1675—5, subd. 2. Upon familiar principles of statutory construction this provision makes a note like the present nonnegotiable.

Nor can it be said that Sears had such apparent ownership or authority to sell the note as would estop the plaintiff corporation from denying his act. The note, upon its face, shows that it was held by Sears in a representative capacity merely. Had it been payable to "the order of J. F. Sears, Treas.," without further words, it might, perhaps, be claimed that the word "Treas." was a word of description only; but the word "Treas." is followed by the words "or his successor," thus showing beyond cavil that Sears held it in a representative capacity only. Not only do these words seem entirely sufficient to indicate the representative character of Sears's title, but the fact is that the accompanying mortgage named the obligee as "J. F. Sears, Treas., or his successor in office, of the *Wisconsin Yearly Meeting of Freewill Baptists,"* and that the mortgage was present and open to inspection when the defendant made his purchase. These recitals were amply sufficient to put the defendant upon inquiry as to Sears's title, especially when it appeared that he was expecting to pay for it in part by a discharge of Sears's private indebtedness. The defendant, however, made no inquiry. Had he made inquiry, he would doubtless have ascertained the exact facts as found by the court, namely, that the note and mortgage belonged to the plaintiff, and that the only authority of Sears was to safely keep the moneys and securities of the corporation. Had it been shown that Sears was in the habit of selling and transferring the securities of the corporation with the express or implied consent of the trustees, or that the selling of securities was a part of the ordinary business of the corporation, and that such business had been placed in the hands of the treasurer, although without by-law or formal action, the corporation might, perhaps, be bound by the act of Sears; but no such state of facts was shown. *Meating v.*

*Tigerton L. Co.* 113 Wis. 379, 89 N. W. 152.    Under the facts in proof, we agree with the conclusion of the trial court that the defendant was put upon inquiry as to the power of Sears, and was negligent in making no inquiry.

*By the Court.*—Judgment affirmed.