L. R. BAIRD, as Receiver of the Scandinavian American Bank, Minot, North Dakota, a Corporation, Appellant, v. CARL M. LORENZ and John Lorenz, Respondents.

(— A.L.R. —, 224 N. W. 206.)

Opinion filed January 23, 1929.   Rehearing denied April 5, 1929.

*T. W. Morrissey* and *McGee & Goss,* for appellant.

*Sinness & Duffy,* for respondents.

Burr, J. This is an action on a promissory note. The case was tried to a jury and at the close of the case both sides moved for a directed verdict. The court dismissed the jury, took the case under advisement and then ordered judgment for the defendants for the dismissal of the action. Judgment was accordingly entered and the plaintiff appeals.

The defendants made, executed and delivered their certain promissory note in the sum of $150 to "A. B. Dill, agent," as payee. Before maturity the payee gave the note to the Scandinavian-American Bank of Minot as collateral to his own personal indebtedness. As stated by the learned trial court in his memorandum opinion:.

"The note is made payable to A. B. Dill, agent, and is indorsed 'A. B. Dill, agent.' The testimony shows that proceeds of the note were used by A. B. Dill personally and were so known to the bank. Mr. Porter (the cashier) testifies as to the circumstances of taking the note as follows: 'It was taken as collateral to indebtedness of A. B. Dill to the Scandinavian American Bank at which time in addition to other indebtedness of A. B. Dill we loaned him $150 cash.'"

This gives us the crux of the case. There is no claim of any fraud on the part of the bank. It is conceded that this transaction between the bank and Dill was a bona fide transaction. He put the note up as collateral, he secured money thereon, and the debt was not paid. The bank became insolvent and the plaintiff Baird was appointed receiver.

The defendants allege that the note was given as evidence of the agreement on their part to purchase stock in the Home Lumber Company, that the stock "was being sold for the said company by the said A. B. Dill as agent," and that the said Dill induced them to purchase the stock and give the note under certain representations with reference to the establishment of this Home Lumber Company in their home town which representations were wholly untrue; that they received no consideration whatever for the note. All of these facts are conceded by the plaintiff and the defendants do not dispute the testimony with reference to the transactions between the bank and Dill.

It is said that the fact the note was made payable to A. B. Dill, agent, and was indorsed "A. B. Dill, agent," was sufficient to "put the bank on notice and inquiry as to who else was interested in the note,

what it was meant for and what authority Dill had to indorse it and apply the proceeds to his own personal use." In support of this contention respondents cite the rule as laid down in 8 C. J. 515, to the effect that paper made payable to one as agent and indorsed by him as agent is notice of the rights of other parties. Doubtless this is the correct rule. If there were no other parties the term agent could be treated as surplusage. In the case at bar there were other parties— that is, parties suggested by the word agent—the Home Lumber Company. As said in Hazeltine v. Keenan, 54 W. Va. 600, 102 Am. St. Rep. 953, 46 S. W. 609, a note made payable to one as agent and indorsed by him as agent "when owned by the payee and other parties indicates an interest in such other parties and puts the purchaser upon inquiry as to their rights and the rights of the payee to sue the note." The respondents rely upon this case as authority for their position. The court bases his memorandum opinion upon the rule laid down in Corpus Juris and as supported by this and similar cases. A subsequent case from West Virginia, Dollar Sav. & T. Co. v. Crawford, 69 W. Va. 109, 33 L.R.A.(N.S.) 587, 70 S. E. 1089, says that the term attached to the payee's name does not destroy the negotiability of the note but puts the purchaser on inquiry as to his right to sell the note. See also Long v. City Nat. Bank (Tex. Civ. App.) 256 S. W. 1006. All these cases show that a term attached to the payee's name whether agent, attorney, trustee or receiver, especially when the payee so indorses the note in such capacity, is notice to the bank of the rights of some one else in that note, giving notice to the purchaser of the rights of the persons interested in the negotiation of the note or for whom the payee was acting. In Zielian v. Baltimore Plate Ice Co. 115 Md. 658, 81 Atl. 22, it was held that the word "receiver" was notice of limitation of authority as against the rights of the corporation for which the indorser was receiver. And to the same effect is Ford v. Brown, 114 Tenn. 467, 1 L.R.A.(N.S.) 188, 88 S. W. 1036. In Wisconsin Yearly Meeting v. Babler, 115 Wis. 289, 91 N. W. 678 where a note was made payable to "S. Treas. or his successor" and by S. negotiated, it was held that the descriptive term put the purchaser on his inquiry as to the rights of those for whom S. was treasurer. It is not notice regarding any claim which the maker may have against the payee or his principal. It must be conceded that if the note had been

made directly to the Home Lumber Company and by the Home Lumber Company negotiated to the bank under the condition under which this note was negotiated then the bank would have a valid claim against the makers. The fact that the note was made payable to Dill as agent and indorsed by him as agent does not alter the liabilities or rights of the maker. The descriptive term is no notice as to any limitation on their liability. Even if it be a fact that A. B. Dill held possession of the note for the Home Lumber Company yet "the fact that one who held possession of a note for the payee put it in circulation in fraud of his rights, is no defense in a suit by the holder against the maker nor does it change the burden of proof so as to require the plaintiff to show in the first instance that he is the bona fide holder for value." Kinney v. Kruse, 28 Wis. 183. But even if it could be said the real payee is the Home Lumber Company, the makers cannot question the authority of payee's agent to indorse the note for even fraud therein could not be set up in a suit brought by a holder in due course. Stevens v. Freund, 169 Wis. 68, 171 N. W. 300; City Bank v. Perkins, 29 N. Y. 554, 86 Am. Dec. 332. As said in Drexel v. Smith (C. C.) 12 Sawy. 402, 30 Fed. 757, the maker is not concerned. "He is not harmed by it, or his liability in any way affected."

Respondents urged the proof is silent as to any authority on the part of "A. B. Dill, agent," to indorse the note, and cite 2 C. J. 641, 642, to the effect that "in the absence of a very clear showing of such authority, the agent has no power under the broadest terms in the letter of appointment to make or indorse negotiable paper for his own interests in the name of his principal, or for his own interest and that of the principal." Such rule is not applicable here. It is applicable to a case where the agent indorses the name of the principal; but here the note is made payable to A. B. Dill, agent and on the face of the note he is the payee and the one under our law who has the right "to negotiate it by indorsement." Section 6915 of the Compiled Laws says a negotiable instrument, if payable to order is negotiated by the indorsement of the holder completed by delivery. The party to whose order the instrument is made payable should indorse it. Woodbury v. Woodbury, 47 N. H. 11, 90 Am. Dec. 555, and § 7075 of the Compiled Laws shows a payee in possession of the note is a holder.

Respondents cite case of Jerke v. Delmont State Bank, 51 S. D. 623,

216 N. W. 362. However, this case is not in point. The notes in question were made by the maker to himself, were signed and indorsed by the maker and were taken by the bank from another without any further indorsement. The plaintiff brought suit against the bank to recover the proceeds of a certain real estate loan made to him by means of other paper. The bank set up these notes as defenses claiming the right to retain their amount out of the loan which they had made. The plaintiff was permitted to show the bank was not a holder in due course. It bought the notes without any indorsement from the one delivering them to it. It was not a holder in due course.

Under § 6945 of our Compiled Laws these makers, by issuing the paper, engaged to not only pay the note according to its tenor but also admitted the capacity of the payee to indorse the note and thus the bank had the right to assume that so far as the makers were concerned the payee—that is A. B. Dill, agent—had the capacity to indorse the note in the manner and form that he did. The bank was not put on inquiry so far as this contingency was concerned. There is no question raised as to the good faith of the bank in taking the note except so far as it may have received notice from anything which appeared on the note or its indorsement. But there is nothing on the face of the note to suggest fraud against the maker and this is the fraud which casts doubt on the good faith of the purchaser. Kinney v. Kruse, supra. Every requirement of § 6937 was met so the bank is a holder in due course.

The possession of the negotiable instrument gives rise to the presumption that the holder has a valid title thereto, that the note was delivered to him and that he is a holder in due course. See § 6901 and 6944 of the Compiled Laws of 1913. Drinkall v. Movius State Bank, 11 N. D. 10, 95 Am. St. Rep. 693, 57 L.R.A. 341, 88 N. W. 724; Northern Trading Co. v. Drexel State Bank, 37 N. D. 521, 164 N. W. 151. Under the provisions of § 6944 the burden of showing the holder acquired title in good faith is upon him when it is shown the one who negotiated the instrument had defective title, but this good faith which he must show is his good faith in dealing with Dill, and while subject to inquiry as to who Dill's principal was, the inquiry goes no farther so far as the word "agent" required inquiry, and there is no

claim of any other showing to suggest inquiry as to the rights of the maker.

If this were a suit against the bank by the one for whom A. B. Dill was agent then the question of notice to the bank would be important and the claim that the bank was put upon inquiry could be urged; but any relations between Dill and the Home Lumber Company which were notice to the bank as to the rights of the Home Lumber Company do not in any way affect the makers. Their liability on this note is exactly the same as if it had been made payable to A. B. Dill without the term "agent" attached, and by him negotiated to the bank, or it had been made payable directly to the Home Lumber Company and by the Home Lumber Company negotiated to the bank. In both cases the bank would have taken the note without notice of any claim on the part of the makers that the note was given for stock, would have taken it before maturity and for value. Therefore it would have been a holder in due course. This is the situation here and so the judgment of the lower court is reversed and judgment ordered for the plaintiff.

BURKE, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.