KIEL WOODEN WARE COMPANY, Appellant, vs. LAUN, Respondent.

*January 16—February 13, 1940.*

For the appellant there was a brief by *Nohl, Petrie & Blume* of Milwaukee, attorneys, and *Hougen, Brady & Murphy* of Manitowoc and *Earl L. Meixner* of Milwaukee of counsel, and oral argument by *Mr. Meixner*.

For the respondent there was a brief by *Nash & Nash,* and oral argument by *A. F. Rankin,* all of Manitowoc.

FOWLER, J.   The action is on a promissory note.   The defendant demurred *ore tenus* to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.   The court sustained the demurrer.

The note sued upon is set out as part of the complaint. It is in form a negotiable note by its terms payable to the order of the corporation-maker Kiel Furniture Company. It appears from the complaint that the corporation-maker did not indorse the note, but it bears the indorsement of two

individuals connected with the corporation-maker, one, the defendant J. B. Laun, the president and manager of the corporation-maker at all times mentioned in the complaint, and the other A. A. Laun, its secretary-treasurer. These indorsements were on the note when it was delivered to the plaintiff. The indorsements were made with intent to bind the indorsers and to induce the plaintiff to accept the note and extend credit thereon, and the plaintiff in reliance on the indorsements accepted the note and extended credit to the full amount thereof. It also appears from the complaint that the instant note is the nineteenth renewal of a note delivered to the plaintiff in 1925, each identical with the instant note, each indorsed before delivery by the said Launs with intent aforesaid, while connected with the corporation-maker as above stated, and that the plaintiff accepted each note and extended credit to the amount thereof in reliance on the indorsers; and that on the original note the corporation-maker on delivery of the note to the plaintiff received from the plaintiff the amount of the note. Only the indorser J. B. Laun is sued herein, because A. A. Laun has been adjudged a bankrupt and the corporation-maker has been liquidated and has no assets out of which to collect the note or any part thereof. The respondent has many times since the note became due admitted his liability thereon and promised to pay it, and as recently as 1938 promised to pay it and requested plaintiff to allow him further time for payment.

It is claimed by the respondent that the note is negotiable in form and that as sec. 116.88, Wis. Stats., 5 U. L. A. § 184, provides that where a note is drawn to the order of the maker it is not complete until indorsed by him, the note is void and no recovery can be had thereon. The premises are correct, but we cannot agree with the conclusion.

It is true that the note after delivery to the plaintiff was not a negotiable note because not indorsed by the corporation-maker. But in absence of such indorsement by reason of its delivery to the plaintiff for value it was a nonnegotiable

instrument to which the plaintiff took title and upon which the plaintiff might bring action. And the plaintiff might not only bring action against the corporation-maker but it might bring action against the defendant J. B. Laun. The action does not lie against Laun on the ground that he is liable as indorser of a negotiable instrument, but on the ground that under the law of Wisconsin, he is liable on the note as an *original promisor* because he indorsed a nonnegotiable note before delivery of it to the plaintiff for value. *Gorman v. Ketchum,* 33 Wis. 427; *Houghton v. Ely,* 26 Wis. 181. See also *Continental National Bank v. McGeoch,* 73 Wis. 332, 41 N. W. 409.

That action will lie upon a note by its terms payable to the order of the maker but not indorsed by him transferred for value is held in *Cassetta v. Baima,* 106 Cal. App. 196, 288 Pac. 830, and *Prestenbach v. Mansur,* 14 La. App. 429, 433, 125 So. 310, 129 So. 445. In the opinion in the latter case it is said:

"A note drawn to the maker's own order, signed by him but not indorsed, may be transferred, sold, donated, when accompanied by delivery; it may be the object of a contract; there is no doubt about that."

To the same effect are *Armatto v. Ross* (La. App.), 170 So. 400, and *Achee v. Williams,* 6 La. App. 316. All of the cases above cited are squarely to the effect that a note such as we have here is not void, although incomplete by the terms of the Uniform Negotiable Instruments Law.

It is true that there are several cases cited in the briefs decided since the Uniform Negotiable Instruments Law was adopted to the effect that notes payable to the order of the maker are invalid under the Uniform Negotiable Instruments Law. This should be construed to mean that they are not enforceable as negotiable instruments. It is also true that the Uniform Negotiable Instruments Law should be uniformly interpreted in order to produce uniformity in the administration of the negotiable instruments law. But the negotiable

instruments law does not govern the law except the law pertaining to negotiable instruments. It has nothing to do with nonnegotiable instruments. It was not the purpose or intent of the legislature in enacting it to establish or affect the law as to nonnegotiable instruments. We are giving to the Uniform Negotiable Instruments Law all the effect that it was intended to have, and the full effect of uniformity of interpretation, when we hold, as we do, that a note payable to order of maker transferred for value but not indorsed by him does not become upon transfer a negotiable instrument and cannot be enforced as such. But we are not required, either by reason or common sense, to carry by analogy the rules applicable to negotiable instruments into the law of nonnegotiable instruments, and we decline to do so. We perceive no reason why the instrument in suit should not be held to render the original parties thereto liable to the transferee for value just as those parties intended to render themselves liable. The instrument when transferred became nonnegotiable, and by reason and logic of the Wisconsin decisions above cited, obligated the indorsers as original promisors, because their names were on the instrument when it was transferred. The indorsers well knew, anyhow on indorsing all the notes subsequent to the first, that the note would not be indorsed by the corporation-maker. True, the complaint alleges that they understood and intended that their liability would be that of indorsers, but that was a mistake of law on their part, not of fact, and leaves them liable as original promisors. As to the first note, if they did not contemplate it would not be indorsed, it was up to the respondent, as president and manager of the corporation, to indorse it on transferring it to the plaintiff, and the plaintiff could, under the facts alleged, compel him by action in equity so to indorse it, if such indorsement were necessary to enable him to recover on the note.

The plaintiff claims that the respondent should be held estopped from denying liability. The contention is not with-

out reason to support it. By the continual renewal of this note, in reliance on the respondent's indorsements, the plaintiff was prevented from recovering the consideration for the note from the corporation-maker, in part at least, out of its assets, before those assets became lost to it through its liquidation. That the corporation-maker was liable to the plaintiff for what it received from the plaintiff is beyond question,—if not on the note itself, at least for money had and received to its use and benefit. By the allegations of the complaint, the respondent by his conduct led the plaintiff to take a position to its disadvantage that it would not otherwise have taken. This, upon a well-established principle of general application, estops him from repudiating liability. As the respondent is estopped from claiming no liability under the facts stated in the complaint, the complaint is not demurrable.

It is true that there are cases holding to the effect that a note must have a payee and that a note payable to the order of the maker is not by its terms payable to anybody until it is indorsed by the maker, and if not so indorsed is a nullity. As a matter of dialectics, as a mere matter of playing with words, this might follow by holding the parties to the instant note to its strict letter and disregarding their purpose and intent at the time they signed it. But as matter of common sense it is perfectly plain under the allegations of the complaint what the parties intended by what they said in the instant note, and when they signed the original note of which it is the last renewal, and as matter of common sense and common law they are held to what they intended by signing it. We have above cited cases precisely to that effect, and no case involving the same facts is cited, and we find none, to the contrary. That such a note is not a negotiable instrument under the negotiable instruments law and was not such an instrument before the negotiable instruments law was enacted is true enough. The dialectics resorted to in the line of decisions first referred to in the instant paragraph would

make a note payable to the order of the maker not payable to anybody unless by the indorsement it was made payable to a person specifically named or specifically made payable to bearer. Such a note when indorsed by the mere signature of the maker was not by its terms made payable to bearer. But the maker so signing meant it should be so payable, and the courts gave effect to the note according to his intent and held such a note so indorsed so payable. By the same token, the instant note should be given effect according to the intent of the parties who signed it before it was delivered to the plaintiff, and the note should be held payable to the plaintiff transferee.

*By the Court.*—The order of the circuit court is reversed, and the record is remanded for further proceedings according to law.

WICKHEM, J., dissents.