KIEL WOODEN WARE COMPANY, Appellant, vs. RAEDER, Trustee, Respondent: STATE BANK OF KIEL, Garnishee Defendant.*

*December 7, 1942—January 12, 1943.*

---

\* Motion for rehearing denied, with $25 costs, on March 9, 1943.

The cause was submitted for the appellant on the brief of *Nohl, Petrie & Blume* of Milwaukee, attorneys, and *Earl L. Meixner* of Milwaukee and *Hougen, Brady & Murphy* of Manitowoc of counsel, and for the respondent on the brief of *Arthur J. Wyseman* of Manitowoc.

WICKHEM, J.   This is an attempt by a creditor of J. B. Laun to garnishee Laun's interest in a certificate of corporate stock pledged to the garnishee defendant as collateral for a loan of J. B. Laun.   The certificate in question calls for one hundred shares of stock of the J. B. Laun Company.   Laun duly indorsed the certificate to the State Bank of Kiel as collateral for a note of $17,500.   The note gave the bank power to sell the stock at private or public sale upon any default without advertisement or notice, apply the proceeds to any liability of Laun to the bank, and return the surplus to Laun.   It appears from the affidavit that liquidation of security other than the stock in question would probably reduce the note to approximately $3,000, and that the value of the shares evidenced by the certificate is more than enough to satisfy this balance. Plaintiff reduced his principal claim to judgment on June 6, 1940, in the amount of $7,063.40.   He had theretofore on March 23, 1940, entered judgment for costs against defendant in the sum of $117 arising out of an appeal to the supreme court reported in *Kiel Wooden Ware Co. v. Laun,* 233 Wis. 559, 290 N. W. 214.

It is contended that under *O. L. Packard Machinery Co. v. Laev,* 100 Wis. 644, 76 N. W. 596, plaintiff must fail because certificates of stock are not subject to garnishment. While this point is ably briefed on both sides, we do not deem it necessary to examine it.   This is a case where a creditor of pledgor, after the insolvency of the latter, attempts by garnishment to reach the pledgor's contingent interest in whatever

surplus may exist after the sale of capital stock deposited as collateral with the garnishee defendant to secure the pledgor's note, and the application of the proceeds to the note. The garnishment follows the default of pledgor and comes at a time when the garnishee defendant's only effective remedy is the sale of the stock and the application of the proceeds to the amount due from the pledgor. What plaintiff seeks is to reach the right, title, and interest of the pledgor in whatever surplus may remain after sale of the stock, and the payment of the pledgor's debt. In this situation, it appears to us to make no difference whether share certificates or capital stock is subject to garnishment or not, and upon the various contentions made in respect of this point, we make no determination. The surplus, after the stock is sold and its proceeds applied to the debt owed by the pledgor, is certainly garnishable. That the interest of a pledgor or mortgagor over and above the amount necessary to pay a debt secured may be reached by garnishment in advance of sale has been held in three Wisconsin cases: *McCown v. Russell*, 84 Wis. 122, 54 N. W. 31; *La Crosse National Bank v. Wilson*, 74 Wis. 391, 43 N. W. 153; *Wisconsin F. & M. Co. v. Capital City C. Co.* 198 Wis. 154, 223 N. W. 446. See also note, 83 A. L. R. 1383.

In *Wisconsin F. & M. Co. v. Capital City C. Co., supra,* the Capital City Canning Company owed the Security State Bank something more than $6,000 and deposited warehouse receipts for canned goods in storage. The Security State Bank was the garnishee defendant in the *Wisconsin F. & M. Co. Case.* The plaintiff garnished the bank upon a claim against the Canning Company of $1,300, subsequently reduced to judgment. The first garnishment was on November 20, 1926. On December 11th, the Canning Company gave orders to the garnishee defendant to pay out of the collateral unnecessary to its security, certain sums to one Hintze, a creditor. The goods were sold on September 27, 1927, for an amount more than

necessary to pay the obligations of the canning company to the bank. On June 30, 1928, plaintiff commenced a second garnishment action. This court held that the second garnishment was too late because the rights of Hintze had been fixed by that time. It held, however, that the original garnishment which was in advance of the sale of security was sufficient to tie up such interest as the pledgor had in the surplus existing after sale of the collateral. The court said (p. 159) :

"Whatever of an interest the Canning Company had in the pledged property or the possibility of the surplus arising from the future sale thereof on December 11th, it had at the time of the garnishment in November, and we can find no grounds or logic for holding that such an interest, though sufficient to uphold a voluntary equitable assignment thereof by the debtor, would be insufficient to support an involuntary lien or equitable attachment thereof by garnishment. We cannot differentiate, as would be required to uphold appellant's contention, between the Canning Company's interest that could be assigned by the order of December 11th and the interest that the Canning Company had subject to garnishment as specified in the quoted language from the garnishment statute *supra*."

The fact that the indebtedness by pledgee to pledgor was contingent upon the production of a surplus through a sale of the collateral would not preclude plaintiff from proceeding in garnishment. Sec. 267.09 (1), Stats.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.

BARLOW, J., took no part.